Michael Wyane PEARL, Appellant,

v.

Ronald DOBBS, Assistant Warden A. L. Lockhart, Acting Commissioner; Lieutenant Gooley, Shift Supervisor; and Lieutenant Lay, Assistant to Supervisor, Cummins Unit, Arkansas Department of Correction, Appellees.

No. 81–1015.

United States Court of Appeals, Eighth Circuit.

Submitted May 19, 1981.

Decided May 26, 1981.

Michael Wyane Pearl, filed briefs pro se.

Steve Clark, Atty. Gen., Dennis R. Molock, Asst. Atty. Gen., Little Rock, Ark., for appellees.

Before HEANEY, ROSS and ARNOLD, Circuit Judges.

PER CURIAM.

Michael Wyane Pearl, an inmate at the Cummins Unit of the Arkansas Department of Correction, appeals the district court's December 8, 1980, dismissal of his 42 U.S.C. § 1983 lawsuit. Pearl claims that an inmate "turnkey," who was assigned to open and close a hallway door in the Cummins Unit, struck him on June 19, 1979. Although Pearl's *pro se* pleadings are difficult to decipher, Pearl apparently alleged that the inmate turnkey struck him with a key; the resulting injury required thirty-one stitches to Pearl's head. Although we are troubled by some aspects of this case, we affirm the district court's dismissal for the reasons set forth below.

Pearl filed two § 1983 lawsuits based on this incident. The first suit, filed on July 23, 1979, named inmate turnkey Jimmy Phillips, shift supervisor Gooley and Arkansas Department of Correction employee A. L. Lockhart as defendants. On May 27, 1980, District Judge Overton dismissed the § 1983 suit, holding that the action against

defendants Gooley and Lockhart must be dismissed because Pearl's complaint made no allegations against them and that the action against defendant Phillips must be dismissed because Pearl's complaint contained no facts indicating that Phillips acted under color of state law. No appeal was taken from the May 27, 1980, dismissal.[1]

Pearl's second § 1983 suit based on the same incident was filed on July 11, 1980. Pearl named Assistant Warden Ronald Dobbs and Assistant Shift Supervisor Lay as new defendants, and renamed Lockhart and Gooley as defendants. The district court granted the state's motion to dismiss on December 8, 1980, concluding that: (1) the May 27, 1980, dismissal of Pearl's first § 1983 action was conclusive as to defendants Lockhart and Gooley; and (2) defendants Lay and Dobbs must be dismissed as defendants because neither individual was mentioned in Pearl's statement of facts.

■ The district court's dismissal was proper. The court correctly relied on *United States ex rel. Wagner v. Ragen*, 213 F.2d 294, 296 (7th Cir.), *cert. denied*, 348 U.S. 846, 75 S.Ct. 68, 99 L.Ed. 667 (1954), to dismiss the action against defendants Lockhart and Gooley. The dismissal of the complaint against Lay and Dobbs was also warranted, but we affirm on a more fundamental ground not mentioned in the district court's brief opinion. As the State correctly notes, the doctrine of *respondeat superior* does not apply to claims arising under 42 U.S.C. § 1983. *See, e. g., Careaga v. James*, 616 F.2d 1062, 1063 (8th Cir. 1980) (per curiam), *cert. denied*, —— U.S. ——, 101 S.Ct. 140–141, 66 L.Ed.2d 62 (1980); *Ronnei v. Butler*, 597 F.2d 564, 566 (8th Cir. 1979) (per curiam). Because Pearl did not allege that Lay or Dobbs committed acts that caused him injury, no claim was stated against them.

■ We note that although the doctrine of *respondeat superior* does not apply to § 1983 cases, a § 1983 plaintiff may maintain a theory of direct liability against a prison or other official if that official fails to properly train, supervise, direct or control the actions of a subordinate who causes the injury. *See Taken Alive v. Litzau*, 551 F.2d 196, 199–200 (8th Cir. 1977); *Ailshire v. Darnell*, 508 F.2d 526, 527–528 (8th Cir. 1974); *Roberts v. Williams*, 456 F.2d 819, 821–823 (5th Cir.), *cert. denied*, 404 U.S. 866, 92 S.Ct. 83, 30 L.Ed.2d 110 (1971). *But cf. Bogard v. Cook*, 586 F.2d 399, 410–418, 421 (5th Cir. 1978), *cert. denied*, 444 U.S. 883, 100 S.Ct. 173, 62 L.Ed.2d 113 (1979).[2] Pearl made no allegations of that sort in his complaint.

The district court's order of dismissal is affirmed.

---

1. We express no opinion as to whether Judge Overton correctly held that Pearl alleged no facts in the first suit to indicate that the inmate turnkey acted under color of state law. We note, however, that an inmate may act under color of state law for § 1983 purposes if that inmate is carrying out a specific order of a correction officer or if he has been granted certain authority that enables him to harm the plaintiff. *See, e. g., United States ex rel. Miller v. Twomey*, 479 F.2d 701, 719 (7th Cir. 1973), *cert. denied*, 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 102 (1974).

2. Uncertainties that have arisen in prisoner § 1983 suits such as whether simple negligence is actionable under § 1983 and the scope of liability of prison supervisory personnel may be resolved by the Supreme Court in a case from this Circuit. *Taylor v. Parratt*, No. CV76–L–57 (D.Neb. Oct. 25, 1978), *aff'd mem.*, 620 F.2d 307 (8th Cir.), *cert. granted*, —— U.S. ——, 101 S.Ct. 315, 66 L.Ed.2d 145 (1980).