Dennis G. OVERBAY, Plaintiff,

v.

Don LILLIMAN, Gene Darnell, Lafayette County, Missouri, Defendants.

No. 83–0620–CV–W–3.

United States District Court, W.D. Missouri, W.D.

Oct. 3, 1983.

J.C. Hambrick, Jr., Kansas City, Mo., for plaintiff.

Weldon W. Perry, Jr., Lexington, Mo., Steven C. Block, Jay D. Dehardt, Independence, Mo., for defendants.

## OPINION AND ORDER

ELMO B. HUNTER, Senior District Judge.

In May of 1983, the plaintiff, Dennis Overbay, brought a two count action against Don Lilliman, a deputy sheriff of Lafayette County, Missouri, and against Lafayette County. In Count I the plaintiff alleged a violation of his constitutional rights under 42 U.S.C. § 1983. Count II is a pendant claim of assault. Defendant, Lafayette County responded by moving to dismiss the action against it. The plaintiff has responded by seeking leave to file an amended complaint and with suggestions opposing the motion to dismiss based on the amended complaint. The Court will now take up these two motions.

### Amended Complaint

Rule 15(a) of the Fed.R.Civ.P. provide that once a responsive pleading has been filed a plaintiff is not free to amend his complaint without leave of the Court.[1] The rule instructs the Court to grant leave when justice requires it.

A reading of the motion of the plaintiff for leave to file along with the proposed amended complaint indicates that the purpose of the amendment is to add Gene Darnell, Sheriff of Lafayette County as a defendant. A further purpose, as underscored by the suggestions filed by the plaintiff opposing the motion to dismiss, is to bolster his claim against Lafayette County.

■ The Court finds that the addition of Sheriff Darnell as a party defendant does not act to the prejudice of any of the parties. The amended complaint only serves to further redefine and focus the claim of Mr. Overbay. Justice, in this instance, favors granting the plaintiff leave to amend his complaint. The proposed amended complaint is hereby accepted and considered filed for purposes of discussing the remaining motion before the Court.

### Motion to Dismiss

Lafayette County moves for its dismissal as a defendant. As its basis Lafayette County claims that it is not a "person" within the meaning of 42 U.S.C. § 1983, and therefore, not a proper defendant in such an action. The gist of the County's position is that it is established by state statute and overseen by the County Court. The County Court, though, does not participate in the selection or supervision of the sheriff or the sheriff's activities. To hold the County responsible for the acts of a deputy sheriff under what amounts to a respondent superior theory of tort liability is contrary to the case-law interpreting Section 1983.

The plaintiff contends that the sheriff had complete authority to run the sheriff's department. He had the power to hire, fire, supervise and discipline. When he acts, he acts for the County, therefore, his actions represent the official policy of the County. Furthermore, the plaintiff contends that the County Court should have been aware of the past violent behavior of Deputy Lilliman and that by not taking action the Court acquiesced in Sheriff Darnell's continuing employment of Deputy Lilliman. Either the court's inaction was County policy or the court placed Sheriff

---

1. A plaintiff is also free to amend with the consent of the adverse party.

Darnell in the position of making County policy.

The appropriate place to begin in a discussion of this issue is with *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The Supreme Court in *Monell* overturned a portion of *Monroe v. Pape,*[2] and held, instead, that local governmental entities were meant to be "persons" under Section 1983. As persons local governmental entities can be sued directly under the section. *Id.* at 690, 98 S.Ct. at 2035. Such local entities are not responsible for just any actions done by their employees. They remain immune from suit based on a theory of respondent superior. *Id.* at 691, 98 S.Ct. at 2036. Their immunity is lost, however, if the policy or custom of the governmental entity[3] is responsible for the constitutional deprivation complained of by the plaintiff. *Id.* at 690–91, 694, 98 S.Ct. at 2035–2036, 2037. The question here is whether the constitutional deprivation complained of by Mr. Overbay was the result of the policy or custom of Lafayette County.

Mr. Overbay alleges that he was detained at the Lafayette County jail after being stopped by the Missouri Highway Patrol. Deputy Lilliman without provocation and while the plaintiff was handcuffed physically assaulted him and sprayed him with Mace. The assault resulted in contemporaneous and permanent physical injuries, and deprived him of rights ensured by the due process and equal protection clauses of the fourteenth amendment.

The plaintiff asserts that the deprivation was directly caused by the negligence and the policies of the defendants, Sheriff Darnell and Lafayette County. He maintains that the defendants knew of Deputy Lilliman's proclivity for unprovoked attacks on detained individuals, that Sheriff Darnell acquiesced in this behavior by keeping Lilliman as a deputy and in control of detained persons, that the County also acquiesced by not requiring Sheriff Darnell to hire Lilliman or reassign him to other duties, or by not firing Sheriff Darnell for failing to act properly, and that Sheriff Darnell's actions in running the Sheriff's office constituted the policy and custom of Lafayette County. He further asserts that the defendants failed to train, supervise, and discipline Deputy Lilliman, and failed to enforce the handling of detained prisoners.

The question of concern can be broken down into two parts. First, does Sheriff Darnell make policy for the County of Lafayette. Second, if he does, was it a policy of the sheriff's office that led to the constitutional deprivation claimed by Mr. Overbay.

Lafayette County argues that under Missouri law it is not responsible for the personnel in the sheriff's office. In other words, it has not created any policy concerning personnel of the sheriff's office. It is true as the defendant County points out, that in Missouri sheriffs are elected by the people of the county and not selected by the county court, Mo.Rev.Stat. § 57.010, and that deputies are selected and salaries set by agreement between the sheriff and the circuit court of the county, Mo.Rev.Stat. § 57.220.[4] The County, as an entity acting through the county court, however, is not totally divorced from the operations of the sheriff's office. The county court may purchase land for a jail, Mo.Rev.Stat. § 49.305, must erect and maintain a jail, Mo.Rev.Stat. § 49.310, and supplies the vehicles for the sheriff's department. Mo.Rev.Stat. § 57.320. The salaries for the sheriff's office personnel are paid out of the county treasury. Mo.Rev.Stat. § 57.230. The sheriff's office is considered a county office. Mo.Rev.Stat. § 49.265. Finally, the county

---

**2.** 365 U.S. 167, 169, 81 S.Ct. 473, 474, 5 L.Ed.2d 492 (1961). *Monroe* held that local governmental entities were wholly immune from Section 1983 actions.

**3.** The Court in *Monell* indicated that policy or custom may come from others than the lawmakers. It may also be created "by those

whose edicts or acts may fairly be said to represent official policy."

**4.** Section 57.220 applies to second class counties. Lafayette County falls within that category.

court has the responsibility of filling any vacancies that occur in the sheriff's position. Mo.Rev.Stat. § 57.080. The sheriff's office is the law enforcement arm of the county government. *See* Mo.Rev.Stat. § 57.010 *et seq.*

■ The Fifth Circuit has recognized that some local officials because of their autonomy set the policy within their realm of authority for the local governmental entity. *Van Ooteghem v. Gray,* 628 F.2d 488, 494 (5th Cir.1980); *Familias Unidas v. Briscoe,* 619 F.2d 391, 404 (5th Cir.1980). In discussing the power of county judges the Fifth Circuit stated:

> Because of the vague structure of county government in Texas, the judge—like other elected county officials, such as the sheriff and the treasurer—holds virtually absolute sway over the particular tasks, or areas of responsibility entrusted to him by state statute and is accountable to no one other than the voters for his conduct therein. Citations omitted. Thus, at least in those areas in which, he, alone is the final authority or ultimate repository of county power, his official conduct and decisions must necessarily be considered those of one "whose edicts or acts may fairly be said to represent official policy" for which the county may be held responsible under Section 1983. *Familias Unidas v. Briscoe,* 619 F.2d at 404.

The sheriff in Missouri enjoys much of the same autonomy as does elected county officials in Texas. As the plaintiff stated, the sheriff is only responsible to the voters. Yet, it is the sheriff who sets the rules and regulations—the policy—for the sheriff's office. As chief law enforcement officer of the county those policies become the policies of the county.

Having answered the first question, the question remains whether a policy of the sheriff's office was the cause of the alleged deprivation. The plaintiff does not allege that the Lafayette County Sheriff's Department had a policy to mistreat detainees. The plaintiff, however, does allege that Deputy Lilliman had a history of violence toward prisoners, but was not relieved of responsibilities involving the supervision of prisoners. Furthermore, that the Sheriff's Department neglected to train, supervise, or discipline Deputy Lilliman.

■ The Second Circuit has indicated that it would refuse to dismiss a county from a Section 1983 action where the plaintiff alleged a failure to supervise or to train jail guards, if the allegations indicated gross negligence or deliberate indifference.[5] *Owens v. Haas,* 601 F.2d 1242, 1246 (2nd Cir.1979). The Ninth Circuit recognized gross negligence as a proper theory in which to bring a Section 1983 action against a county.[6] *Hirst v. Gertzen,* 676 F.2d 1252 (9th Cir.1982). In *Hirst,* the court found that the plaintiff sufficiently alleged that the county had not exercised even minimal care in the hiring and supervising of jail personnel. *Id.* at 1263. The deputy in charge of prisoners had a history of violence toward them, yet nothing was done to remove him from the position. *Id.* at 1263. Likewise, in a setting involving state prison guards rather than county jail guards, the Eighth Circuit has stated that a Section 1983 action may be based on a theory of failure to "train, supervise, direct or control the actions of a subordinate who causes an injury." *Pearl v. Dobbs,* 649 F.2d 608, 609 (8th Cir.1981). Based on the foregoing, the Court is convinced that the plaintiff's allegations of (1) knowledge of Deputy Lilliman's past history of violence and (2) negligence in the supervising and training are sufficient to establish a cause of action against Lafayette County under Section 1983.[7]

---

**5.** The panel in *Owens* granted the plaintiff additional discovery time to flesh out his allegations concerning training and supervision. The plaintiff alleged that he had been beaten by a number of guards for refusing to leave his cell.

**6.** *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) established that

Section 1983 was not limited to intentional deprivations of constitutional rights. *Id.* at 534, 101 S.Ct. at 1912.

**7.** Of course, this Court's ruling today does not indicate its position on whether the claims of the plaintiff are true. That remains for the trier of fact to determine.

Accordingly, the Court hereby grants the plaintiff leave to file his proposed amended complaint and

ORDERS the Clerk of the Court to accept it for filing. The Court further

ORDERS that the motion of defendant, Lafayette County, to be dismissed from this action be and is hereby denied based on the reasons set out above.