**Jackie Roosevelt WALKER, a/k/a James T. Walker, Plaintiff,**

v.

**MISSOURI BOARD OF PROBATION & PAROLE, and Carl White, Superintendent, Defendants.**

**No. 83–4310–CV–C–5.**

United States District Court, W.D. Missouri, C.D.

April 16, 1984.

Jackie Roosevelt Walker, pro se.

John Ashcroft, Mo. Atty. Gen., Jefferson City, Mo., for defendants.

## ORDER

SCOTT O. WRIGHT, District Judge.

Plaintiff, a convicted state prisoner confined at the Missouri State Penitentiary, has filed *pro se* a complaint under the Civil Rights Act, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343, seeking release and monetary damages for claimed violations of his federally-protected rights by state prison officials.

■ Plaintiff's affidavit of poverty indicates he cannot pay the filing fee or incur the costs of these proceedings. The requirements of 28 U.S.C. § 1915(a) having been satisfied, plaintiff may proceed with the case without prepayment of court fees or costs. However, the Court must still consider whether his complaint should be dismissed pursuant to 28 U.S.C. § 1915(d). *Martin-Trigona v. Stewart*, 691 F.2d 856 (8th Cir.1982). The Court may deny leave to proceed in *forma pauperis* where it is satisfied that the action is frivolous or malicious. 28 U.S.C. § 1915(d); *See Boston v. Stanton*, 450 F.Supp. 1049 (W.D.Mo.1978).

The authority of the Court under Section 1915(d) to dismiss an action as "frivolous or malicious" is broader than dismissal under Rule 12, Federal Rules of Civil Procedure, and gives the Court "a measure of control over [in *forma pauperis*] suits..." *Green v. City of Montezuma, Georgia*, 650 F.2d 648, 650 (5th Cir.1981). An action is "frivolous" within the meaning of Section 1915(d) if it appears that plaintiff's "realistic chances for success" in the proposed action are "slight." *Jones v. Bales*, 58 F.R.D. 453, 463 (N.D.Ga.1972), *aff'd*, 480 F.2d 805 (5th Cir.1973).

The plaintiff alleges that the Missouri Board of Probation and Parole has denied him his right to "commutation," and that while he was illegally detained certain unnamed officers, who were "under the second defendant, Mr. White, Superintendant," beat and shot him. Plaintiff seeks immediate release. Plaintiff also seeks monetary damages from the defendants for injuries incurred resulting from his allegedly unlawful detention.

■ Plaintiff seeks $100,000.00 in punitive damages from the defendants for injuries he allegedly sustained because they denied his "right to commutation" by failing to release him on parole. Parole officials are absolutely immune in performing their official duties in deciding whether to grant, deny, or revoke parole. *Evans v. Dillahunty*, 711 F.2d 828, 831 (8th Cir. 1983). Accordingly, plaintiff's monetary claims arising out of the defendants' decision to deny him parole are patently frivolous.

Plaintiff also alleges that he was beaten and shot by "correctins [sic] officers, which are under the second defendants, [sic] Mr. White, Superintendent." Although it is unclear from his complaint, plaintiff may be seeking monetary damages from defendant White for the alleged actions of the correctional officers.

■ It is clear that "[w]here monetary damages as distinguished from equitable relief is sought under the provisions of the Civil Rights Act, the doctrine of respondeat

superior does not apply; personal involvement of the defendant is required." *Adams v. Pate,* 445 F.2d 105, 107 (7th Cir. 1971). A cause of action has not been stated even if the plaintiff's constitutional rights were violated by correctional officers "under" defendant White. Prison administrators cannot be held liable on a vicarious liability theory for the acts of their subordinates absent factual allegations of personal participation, direction, or acquiescence in those acts or omissions. *See Pearl v. Dobbs,* 649 F.2d 608 (8th Cir.1981). "Supervisory personnel whose personal involvement is not alleged may not be held responsible for the acts of their subordinates" in Civil Rights actions. *Milton v. Nelson,* 527 F.2d 1158, 1159 (9th Cir.1976). In the present case, plaintiff has not stated, either in his original complaint or in his traverse, factual allegations supporting a claim for monetary relief against defendant White for the alleged actions of his subordinates.

In addition to the above enumerated requests for monetary relief, plaintiff seeks immediate release alleging that his confinement is unlawful because the "Board is denying [his] right to commutation...." Plaintiff has filed a Section 1983 complaint, but he is seeking release. "[I]f a state prisoner challenges the fact or duration of his confinement and seeks a speedier release, his sole federal remedy is a writ of habeas corpus, with its concomitant requirement of exhausting state remedies." *Kelsey v. State of Minnesota,* 565 F.2d 503, 505 (8th Cir.1977), *citing, Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Granting plaintiff's claim a liberal construction, *see Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court will construe his claim as one for a writ of habeas corpus.

It is well established that a person held in state custody must exhaust all adequate and available state judicial remedies before he can proceed with a federal habe-

as corpus petition. 28 U.S.C. § 2254(b) and (c); *Powell v. Wyrick,* 657 F.2d 222 (8th Cir.1981). Plaintiff has neither alleged, nor is it evident from his complaint, that he has attempted to utilize state judicial remedies.

Nor is it clear that plaintiff's remedies in the Missouri state courts are inadequate to obtain review of his claim. In the absence of any allegation that he has attempted to exhaust his state remedies, and without a "clear manifestation on the record that [the] state court[s] will not entertain plaintiff's constitutional claims even if fairly presented," *Eaton v. Wyrick,* 528 F.2d 477, 482 (8th Cir.1975), plaintiff's claim for commutation of his sentence should be dismissed without prejudice in favor of his exhaustion of state remedies. In accordance with the foregoing, it is hereby

ORDERED that plaintiff is granted leave to proceed in *forma pauperis* pursuant to 28 U.S.C. § 1915(a). It is further

ORDERED that plaintiff's requests for monetary relief against the named defendants are dismissed as frivolous pursuant to 28 U.S.C. § 1915(d). It is further

ORDERED that plaintiff's request for "immediate release" is dismissed without prejudice for failure to exhaust available state remedies.