**Anthony ORT, Plaintiff-Appellant,**

v.

**Dr. PINCHBACK; Correctional Medical Systems; Board of Corrections, Defendants-Appellees.**

**No. 85–7396**

**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

April 15, 1986.

Rehearing Denied June 10, 1986.

Joseph T. Carpenter, Carpenter & Gidiere, Montgomery, Ala., for Dr. Pinchback.

Before FAY, JOHNSON and CLARK, Circuit Judges.

PER CURIAM:

Anthony Ort, an Alabama inmate, brought this 42 U.S.C. § 1983 action pro se, claiming that Dr. W.L. Pinchback, Jr., Correctional Medical Systems ("CMS") and the Alabama Board of Corrections acted with deliberate indifference to his serious medical needs. He appeals from the order of the district court granting summary judgment in favor of Dr. Pinchback and dismissing the claims against CMS and the Board of Corrections. We affirm the dismissals but direct the district court to reconsider Ort's motion to amend his complaint to name the proper defendants. We reverse the grant of summary judgment.

Ort suffers from scoliosis and kyphosis, which have caused him to be somewhat humpbacked. On October 3, 1980, he was referred by a prison physician to Dr. Pinchback, a private orthopedic surgeon, for treatment. Prison Management Systems, Inc. contracted for Dr. Pinchback's servic-es. Dr. Pinchback examined Ort on that date and again on October 28, 1982.

As a result of the first examination, Dr. Pinchback concluded that Ort needed a partial exercise program in the physical therapy department to improve his gait and overall posture but that there were no objective physical signs that should limit Ort's ability to work. Ort claims he never underwent the physical therapy recommended by Dr. Pinchback. The record does not tell us why Ort did not receive therapy.

In February, 1982, Dr. J.B. Thomas ordered that Ort be placed on permanent light duty work status. Nonetheless, as a result of his October, 1982, examination, Dr. Pinchback again stated that Ort needed exercise to maintain strength in his back but could not find any "real" reason why Ort could not handle regular work duty. Ort was returned to regular duty status. Once again, Ort was not given any physical therapy.

In his complaint, Ort charged that Dr. Pinchback's failure to treat his back condition, aggravating the deformity and causing him pain, amounted to deliberate indifference to his medical needs. He also claimed that other doctors who had seen him mocked him, put forth little or no effort to help him and gave him no physical therapy. Because he did not know their names, Ort did not include these doctors as defendants but named CMS because it is the entity that oversees Alabama prison medical services. He asked that the doctors' names, which could be found in his medical record, be included in the complaint. Ort later filed a motion to amend his complaint to add as defendants the persons shown in his medical record to have been responsible for his back problems.

A United States Magistrate recommended that CMS be dismissed from the action because it is not a "proper" defendant under 42 U.S.C. § 1983. He offered no explanation for his conclusion. The magistrate also recommended the dismissal of the complaint against the Board of Corrections because no such entity exists. Final-

ly, the magistrate recommended that Dr. Pinchback's motion for summary judgment be granted because Dr. Pinchback was not an employee of the Alabama Department of Corrections but rendered services as a private physician and so was not acting under color of state law as required by 42 U.S.C. § 1983. The district court adopted the magistrate's recommendations and denied Ort's motion to amend his complaint as moot.

Ort argues on appeal that a physician who contracts with the state to treat inmates acts under color of state law so as to be subject to liability under 42 U.S.C. § 1983. He does not appear to contest the dismissal of CMS and the Board of Corrections but seems instead to request that he be allowed to amend his complaint to add the proper defendants. Only Dr. Pinchback, represented by private counsel, has responded as appellee. He argues that Ort has failed to state a claim under § 1983 because he rendered services to Ort in his capacity as a private physician. He denies that his contract with the state brought his actions under color of state law.

### DISCUSSION

Although it is not clear from the magistrate's report why CMS is not a proper defendant in a § 1983 action, we agree that CMS was properly dismissed from the action. Ort has in no way implicated CMS in the constitutional violation he alleges. He does not claim that CMS was directly involved in his injury or that his injury was the result of CMS policy or custom. Ort never intended to sue CMS but included it as defendant in lieu of naming the individual physicians who were responsible for his injury. We therefore affirm the district court's order insofar as it dismisses CMS from this action.

Likewise, we affirm the dismissal of the complaint with respect to the Board of Corrections, which does not exist. However, Ort should be given an opportunity to amend his complaint to name the proper defendants or be advised the reasons why such opportunity is denied. The district court stated only that the request to amend is moot. There is nothing in the record to support this assertion; the district court's order resolving the case in favor of the other defendants would not moot the action with respect to the unnamed physicians. We do not go so far as to require the district court to grant Ort's request to amend, for it is not clear that denial of the motion would not be proper. We remand to allow the district court to reconsider Ort's motion to amend his complaint.

Turning to the decision to grant summary judgment in favor of Dr. Pinchback, we hold that the district court erred as a matter of law in concluding that a physician who contracts with the state to provide medical care to inmates does not act under color of state law. In *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700 (11th Cir.1985), we pointed out that medical personnel need not be state employees in order that their actions be considered state action under 42 U.S.C. § 1983. We held that the employees of a private entity hired by a county to provide medical care to jail inmates acted under color of state law so as to be subject to liability under § 1983. *Id.* at 703. Dr. Pinchback similarly performed "a function which is traditionally the exclusive prerogative of the state" when he took over the state's responsibility for attending to inmate medical needs. *Id.; see Morrison v. Washington County, Ala.*, 700 F.2d 678, 683 (11th Cir.1983).

Because Ort has sufficiently alleged that Dr. Pinchback and the other potential defendants acted with deliberate indifference to his serious medical needs, and because there remain disputed issues of material fact surrounding the nature of the care afforded Ort by the doctors, this case was not appropriately resolved by dismissal or summary judgment. We therefore remand to the district court for consideration of Ort's motion to amend his complaint and for further factual development of the claims against Dr. Pinchback and any other newly-added defendants.

AFFIRMED in part; REVERSED in part and REMANDED.