**James JOHNSON, Appellant,**

v.

**A.L. LOCKHART and Willis Sargent, Appellees.**

John Byus; Steven Clark, Attorney General; Bill Clinton, Governor; John Doe, I; Dr. F.M. Henderson; Dr. Victor Snyder.

No. 90–2221.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1991.

Decided Aug. 12, 1991.

Gregory Jones, Little Rock, Ark., for appellant.

Brent Standridge, Asst. Atty. Gen., Little Rock, Ark., for appellees.

Before McMILLIAN and WOLLMAN, Circuit Judges and HENLEY, Senior Circuit Judge.

WOLLMAN, Circuit Judge.

James Johnson, an inmate at the Cummins Unit of the Arkansas Department of Correction, appeals from the dismissal of his complaint under 42 U.S.C. § 1983 against Willis Sargent, Warden of the Cummins Prison Unit and A.L. Lockhart, Director of the Arkansas Department of Correction. We reverse and remand.

This is Johnson's second appeal in this case. In *Johnson v. Clinton*, 763 F.2d 326 (8th Cir.1985), we concluded that Johnson had alleged sufficient facts to state a claim under section 1983 against Warden Sargent and remanded that portion of his case. Johnson then amended his complaint to elaborate on his medical needs and to add other prison officials as defendants. Johnson alleged that the supervisory authority of Warden Sargent and Director Lockhart over the medical staff of the prison made them subject to liability for deliberate indifference to his and other inmates' serious medical needs. The magistrate judge recommended the dismissal of the complaint against Sargent and Lockhart, who the magistrate judge concluded could not be held responsible because "respondeat superior is not applicable to § 1983 actions." Magistrate's Proposed Findings and Recommendations at 7. The district court adopted that portion of the magistrate judge's opinion and dismissed the complaint against Sargent and Lockhart.

Johnson challenges the reasoning of the magistrate judge and the district court because neither opinion addressed his argument that because Sargent and Lockhart were charged with supervisory authority over the medical system of the Cummins Unit they therefore are directly liable under section 1983 for their failure to properly supervise, direct, and control the prison's medical system and staff.

Johnson suffered an inguinal hernia, which was diagnosed in January 1984. Doctor Gilbert Evans, a physician at the prison, recommended that surgery to repair the hernia should be provided immediately and should not be delayed more than several days. Dr. Evans warned that Johnson's condition was serious, even life-threatening. In January, the surgery received a priority one classification, indicating that it was to be performed within thirty days. Health Management Associates (HMA), the organization providing medical services to the prison system, did not consider the request for surgery until April 1984, when its Elective Surgery Review Committee decided to postpone Johnson's surgery and reclassified his surgery as priority two, indicating that it could be delayed for up to three months.[1] In July, the Committee reviewed Johnson's case and again delayed surgery as priority two. In August, Johnson's surgery was re-classified as priority one.

Against the advice of his doctor, Johnson continued to work during this period.[2] As Johnson waited for his needed surgery, his condition worsened and the herniation grew larger. Surgery to repair the hernia was not performed until October 2, 1984—ten months after Dr. Evans' recommendation for immediate surgery. Testimony at Johnson's hearing in December 1987 indicated that delays in the repair and treatment of inmates' hernias, sometimes more

---

1. *See Toombs v. Bell*, 915 F.2d 345 (8th Cir. 1990), for a discussion of HMA's role in providing health care for the Arkansas Department of Correction.

2. The magistrate judge noted that Johnson claimed he was given disciplinary action for refusing work assignments that were beyond his capacity. This claim should be addressed by the district court on remand.

than one year, were and continue to be commonplace at the prison.

Johnson contends that the ten month delay between diagnosis and treatment of his extreme medical condition constituted cruel and unusual punishment under the Eighth Amendment.

■ The Eighth Amendment is implicated by the unnecessary and wanton infliction of pain due to prison officials' deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). We find it indisputable that the persistent delay in priority one surgery inflicts the sort of "pain and suffering which no one suggests would serve any penological purpose." *Id.* at 103, 97 S.Ct. at 290. *See also Wilson v. Seiter*, — U.S. —, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

■ We recognize that "although the doctrine of respondeat superior does not apply to § 1983 cases, a § 1983 claimant may maintain a theory of direct liability against a prison or other official if that official fails to properly train, supervise, direct or control the actions of a subordinate who causes the injury." *Crooks v. Nix*, 872 F.2d 800, 804 (8th Cir.1989) (citing *Hahn v. McLey*, 737 F.2d 771, 773 (8th Cir.1984); *Pearl v. Dobbs*, 649 F.2d 608, 609 (8th Cir.1981)). *See also Toombs v. Bell, supra.* Abdication of policy-making and oversight responsibilities can reach the level of deliberate indifference and result in the unnecessary and wanton infliction of pain to prisoners when tacit authorization of subordinates' misconduct causes constitutional injury. *See Messimer v. Lockhart*, 702 F.2d 729, 732 (8th Cir.1983); *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984), *cert. denied*, 470 U.S. 1035, 105 S.Ct. 1413, 84 L.Ed.2d 796 (1985).

■ We are not persuaded that appellees' assertion of the availability of doctors and the twenty-four hour infirmary policy at the prison answers Johnson's complaint. It is the disregard of the oversight responsibilities of providing needed surgery that is questioned here. Prison officials may not abandon their responsibility to supervise the availability of adequate surgical procedures for inmates.

■ Johnson's complaint raises some significant issues. The Elective Surgery Review Committee seems to have made irrational changes in the status of Johnson's surgery without supervision by prison officials or at least the implementation of standards for the reclassification of priority one surgery. Johnson's allegation that Lockhart terminated regular scheduled meetings with HMA in 1984 may indicate a larger problem with the level of control and supervision exercised by prison officials with regard to the providing of medical services to inmates. Sargent and Lockhart had the duty to supervise and administer services at the prison, including medical services. *Messimer*, 702 F.2d at 732. Whether they were guilty of deliberate indifference in performing this duty remains to be decided.

The judgment of the district court dismissing Johnson's complaint is reversed, and the case is remanded for further proceedings consistent with this opinion.