806 F.Supp. 218 (1992)
Jessie Frank MOYERS, Plaintiff,
v.
Barbara BUESCHER, Defendant.
No. 91-0066C(6).
United States District Court, E.D. Missouri.
November 9, 1992.
*219 Jessie Frank Moyers, pro se.
Daniel M. Zureich, Schoenbeck, Schoenbeck & Assoc., St. Louis, Mo., for defendant.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on defendant's motion for summary judgment, plaintiff's response thereto and defendant's reply. Plaintiff Jessie Frank Moyers, currently incarcerated at Farmington Correctional Center (FCC), proceeds pro se in this action against Barbara Buescher, the Health Care Supervisor at Missouri Eastern Correctional Center (MECC), asserting that while at MECC he was denied medication in violation of the Eighth Amendment as it is applies to the states through the Fourteenth Amendment.[1] He seeks actual and punitive damages.
While an inmate at MECC, Moyers was issued a permanent medical pass to receive prescription medications four times daily for a seizure disorder. Moyers maintains that on several occasions he was denied his medication because he arrived late to the medical unit. He does not allege, however, that Buescher personally refused to give him the medicine. The complaint's only reference to Buescher states that she responded to a grievance filed by Moyers on August 13, 1990, in which he reports an instance when he was refused medication because he arrived twenty minutes late and was instructed to report again at the next time set aside for the dispensing of controlled medication. Buescher's response to the grievance informs Moyers that a half-hour is set aside four times daily for the dispensing of controlled medication, in part *220 to ensure the dispensing of medication at appropriate intervals, and that he was refused medication because he failed to report during the prescribed half-hour period.
Moyers also alleges that on September 2 through September 6, 1990, he did not receive all his medication, which caused him to suffer a seizure on September 6 and on occasions thereafter. Apparently during this period Moyers' medication was delivered to him rather than requiring Moyers to receive his medication at the medical unit. In response to a grievance, Buescher told Moyers that from September 2 through September 5, 1990 some of his medication may have been dispensed late but that he had never been refused medication. Buescher advised Moyers that if his drug levels did not test within normal limits, she would consult a physician to adjust Moyers' medication. The medical director who reviewed Moyers' grievance on appeal reached essentially the same conclusions as Buescher except that the director also noted that two doses were missed on September 6, 1990 but that this omission could not have caused the purported 1:30 a.m. seizure.
Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden of proof is on the moving party and a court should not grant summary judgment unless it is convinced that there is no evidence to sustain a recovery under any circumstances. Foster v. Johns-Manville Sales Corp., 787 F.2d 390, 392 (8th Cir.1986). Under Rule 56(e), a party opposing a properly supported motion for summary judgment may not rest upon the allegations of his pleadings but must present affirmative evidence from which a jury might return a verdict in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505, 2514-15, 91 L.Ed.2d 202 (1986).
Initially the Court notes that the complaint does not contain an express averment as to the capacity in which Buescher is being sued. Rule 9(a) of the Federal Rules of Civil Procedure "appears to require [plaintiff] to make a capacity stipulation in the complaint." Nix v. Norman, 879 F.2d 429, 431 (8th Cir.1989). Particularly as to the allegedly unconstitutional state policy, this action seems to be an official-capacity suit. See id.; see also DeYoung v. Patten, 898 F.2d 628, 635 (8th Cir.1990) (construing silence as to capacity in which sued as stating only an official capacity claim). However, monetary damages, the only form of relief sought by Moyers in this action, are not recoverable against state officials in their official capacities. DeYoung, 898 F.2d at 635. Nonetheless, the outcome of this matter need not hinge on this inadequacy because the Court concludes that Buescher is entitled to summary judgment on the merits as well.
The doctrine of respondeat superior does not apply to claimed violations of 42 U.S.C. § 1983. Crooks v. Nix, 872 F.2d 800, 804 (8th Cir.1989). A plaintiff may, however, under a theory of direct liability, maintain a section 1983 claim against a prison official whose failure to train, supervise, direct or control the actions of a subordinate is such that it constitutes deliberate indifference to the inmates' serious medical needs. Id.
Analysis of an Eighth Amendment claim involves both a subjective aspect, whether the officials acted with a sufficiently culpable state of mind, and an objective factor, whether the alleged wrongdoing was "harmful enough" to establish a constitutional violation. Hudson v. McMillian, ___ U.S. ___, ___, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). In a claim of denial of medical care, plaintiff must show that defendant acted with deliberate indifference to the inmate's serious medical needs. Id. (citing Estelle v. Gamble, 429 U.S. 97, 103-04, 97 S.Ct. 285, 290-91, 50 L.Ed.2d 251 (1976)).
Moyers first challenges the policy of not providing medication to an inmate who reports outside the thirty minutes set aside for such a purpose absent verification that *221 the inmate was attending the Missouri Sexual Offenders Program. The Court may construe these allegations as claiming that Buescher inadequately trained or directed her subordinates such as to subject herself to direct liability. However, the Court concludes that no evidence exists to establish either the subjective or the objective component of the Eighth Amendment test.
The parties do not dispute that Moyers arrived late to the medical unit and was denied his medication for that reason. Moyers has never explained his tardiness beyond claiming that it was due to circumstances beyond his control. At all times, Moyers' medication was available if he reported to the medical unit in a timely fashion. In this instance, there is no evidence that the prison staff demonstrated the requisite deliberate indifference.
"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause depends upon the claim at issue." Hudson, ___ U.S. at ___, 112 S.Ct. at 1000. When a claim stems from failure to treat an inmate's medical needs, the concern is that denial of medical care should not inflict unnecessary suffering which would serve no penological purpose. See Estelle, 429 U.S. at 103, 97 S.Ct. at 290. Moyers contends that the policy at issue was enforced against him on several occasions prior to August 13, 1990, the date of his grievance, but he offers no indication of any injury that he sustained as a consequence of these actions.[2] His complaint states that later events from September 2 through September 6, 1990 caused his seizures. Moreover, there is no evidence to indicate that the dosages that he was denied because of his late arrival caused the alleged seizures that occurred at least three weeks later. Accordingly, the Court will grant Buescher's motion for summary judgment as to this aspect of Moyers' claims.
As to Buescher's subordinates' actions from September 2 through September 6, 1990, Moyers neither alleges that Buescher was personally responsible for delivering the medication nor that she did not properly train, supervise, direct or control the actions of the subordinates who caused the alleged injuries. See Pearl v. Dobbs, 649 F.2d 608, 609 (8th Cir.1981) (declining to consider theory of direct liability premised on failure to train when no allegations "of that sort" in plaintiff's pro se complaint). Although the Court should liberally construe a pro se complaint, plaintiff's statements that his medications were not consistently delivered to him over a five-day period do not constitute an allegation of Buescher's direct liability. Cf. Crooks v. Nix, 872 F.2d 800 (8th Cir.1989) (construing detailed allegations covering period in excess of one year as advancing theory of direct liability). Moreover, Buescher's motion for summary judgment argues that Moyers' claims are inappropriately founded on a theory of respondeat superior. Neither Moyers' response nor his subsequent motion to strike attempts to elaborate on the facts so as to compensate for this weakness in his complaint. The Court will grant defendant's motion for summary judgment.
NOTES
[1] Moyers also claims his due process rights were violated. The Court finds no merit in this claim.
[2] Moyers does not seek injunctive relief, presumably because he is no longer incarcerated at MECC.