24 F.3d 242
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Frankie Bledsaw, Sr., Appellant,
v.
Wayne Simpson, Sheriff, Arkansas County, Arkansas; Melvin
Downard, Jailer, Arkansas County, Arkansas;
Robert Ralph, Deputy Officer, Arkansas
County, Arkansas, Appellees.
 No. 93-1984EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 14, 1994.
Filed: May 3, 1994.
 
 Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 While Frankie Bledsaw, Sr. was an inmate at the Arkansas County Jail, Melvin Downard, a jailer, put castor oil in Bledsaw's breakfast cereal. Bledsaw unknowingly ate the tainted cereal, and a few hours later, became ill and vomited. After consulting a doctor, jail officials gave Bledsaw Pepto Bismal for his upset stomach. Bledsaw had stomach cramps and could not eat anything for two or three days. Bledsaw then brought this 42 U.S.C. Sec. 1983 action against Downard and Sheriff Wayne Simpson, alleging that Downard's actions and the jail officials' refusal of Bledsaw's request to see a doctor subjected Bledsaw to cruel and unusual punishment in violation of the Eighth Amendment.
 
 
 2
 The district court held a pretrial evidentiary hearing to decide whether Bledsaw's claims warranted a jury trial. See Johnson v. Bi-State Justice Ctr., 12 F.3d 133, 135-36 (8th Cir. 1993). Assuming as true all facts supporting Bledsaw's claims and giving Bledsaw the benefit of all reasonable inferences, the district court held Bledsaw's minor discomfort was insufficient to support his Eighth Amendment claims. The district court also held that Bledsaw did not link Sheriff Simpson directly or indirectly to a constitutional violation. Because the district court concluded a reasonable jury could not find for Bledsaw, the district court dismissed Bledsaw's action with prejudice. Bledsaw appeals. At oral argument, Bledsaw abandoned his unrelated excessive force claim against Deputy Robert Ralph.
 
 
 3
 Bledsaw contends he presented enough evidence to generate a jury question on his Eighth Amendment claims, and thus, the district court committed error in dismissing his action. We disagree. "Whether conduct, if done with the required culpability, is sufficiently harmful to establish an Eighth Amendment violation is an objective or legal determination [that] we decide de novo." Hickey v. Reeder, 12 F.3d 754, 756 (8th Cir. 1993). Here, because of Downard's conduct, Bledsaw suffered an upset stomach for a few days and sustained no permanent injury. Although the absence of a quantifiable injury does not necessarily defeat a cruel and unusual punishment claim, Bledsaw's discomfort must be significant to trigger the Eighth Amendment. Id. at 757. Without condoning Downard's actions nor foreclosing state tort relief, we conclude Bledsaw's brief, minor discomfort does not rise to the level of a constitutional violation. See Whitnack v. Douglas County, 16 F.3d 954, 956-58 (8th Cir. 1994). We also conclude Bledsaw did not state an Eighth Amendment claim for inadequate medical treatment. Immediately after Bledsaw became ill, jail officials contacted a doctor and followed the doctor's advice by giving Bledsaw the recommended remedy. In any event, we agree with the district court that Bledsaw's medical condition was not serious. Because Bledsaw's Eighth Amendment claims would not survive a motion for judgment as a matter of law (JAML), Fed. R. Civ. P. 50(a), the district court properly dismissed Bledsaw's claims. See Johnson, 12 F.3d at 135-36.
 
 
 4
 Bledsaw also contends the district court committed error in dismissing Simpson. "Liability under Sec. 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). Bledsaw presented no evidence, however, that Simpson was personally involved in preparing the cereal, or failed to train, supervise, or control Downard properly. See Johnson v. Lockhart, 941 F.2d 705, 707 (8th Cir. 1991). Nor is there evidence Simpson's jail policy tacitly authorized Downard's spontaneous and isolated act. See id. Indeed, Simpson fired Downard immediately after the incident. Because Simpson cannot be held liable under Sec. 1983 on a respondeat superior theory, Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993), the district court properly dismissed Simpson.
 
 
 5
 Thus, we affirm the district court.