United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-1445

_____

| | | |
|---|---|---|
| Edward Allen Moore, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| David J. Mercier; Dora Schriro; Michael | * | Western District of Missouri. |
| Groose; David Dormire; Gerald | * | |
| Bommel; Steve Long; Pat Faherty; | * | [UNPUBLISHED] |
| Chris Swicord; Ray New; Correctional | * | |
| Medical Systems, Inc., | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: August 7, 1997
Filed: August 29, 1997

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Edward Allen Moore appeals the district court orders dismissing certain defendants and granting summary judgment to the remaining defendants in this 42 U.S.C. § 1983 action claiming deliberate indifference to serious medical needs. We affirm in part and reverse in part.

Moore brought this action against various state officials, officials and employees of Jefferson City Correctional Center (JCCC), Correctional Medical Services, Inc. (CMS), and CMS's on-site Health Services Administrator, David Mercier. During the relevant time, CMS was the contract provider of medical services to JCCC. Under prison and CMS policy, an inmate requested medical services by submitting a medical service request (MSR). Moore maintains that from June to November 1993, he submitted weekly MSRs seeking treatment for a fungal infection in his groin area and a skin condition on his chest. Moore contends that after an initial July 21 examination by a nurse--who promised to provide an anti-fungal ointment for his groin condition and to schedule an appointment with a doctor for his other skin condition--he received no response to his weekly MSRs.

The district court dismissed Moore's claims against defendants Dora Schriro, Michael Groose, David Dormire, and Gerald Bommel as frivolous pursuant to 28 U.S.C. section 1915(d),[1] and denied Moore's motion to amend his complaint. The district court granted summary judgment to the remaining defendants, concluding that as to Mercier and CMS, Moore produced no verifying medical evidence that the delay in treatment was detrimental to his condition, or that they knew of his need for treatment and denied treatment with a culpable state of mind; as to the other defendants, the court determined there was no evidence they were involved in Moore's medical care from July to November 1993, or knew of Moore's need for medical care and prevented him from receiving that care.

We conclude summary judgment was improper as to Mercier, and the court abused its discretion in dismissing Dormire, Bommel, and Schriro. Moore presented evidence that through the inmate grievance system, he repeatedly alerted these officials to his inability to obtain treatment, and they repeatedly responded by denying he had submitted MSRs and instructing him to do so. Only when Moore appealed to a non-

---

[1]Now codified at 28 U.S.C. § 1915(e) (2).

defendant CMS Regional Administrator did he obtain the treatment he sought. We believe Moore's evidence is sufficient to create a genuine issue as to whether his MSRs were being lost or destroyed, and as to whether defendants were deliberately indifferent to Moore's serious medical needs when they turned a deaf ear to his repeated pleas for assistance. See Johnson v. Lockhart, 941 F.2d 705, 707 (8th Cir. 1991) (prison officials' abdication of oversight and policymaking responsibility can constitute deliberate indifference when facts indicate tacit authorization of subordinates' misconduct); Johnson-El v. Schoemehl, 878 F.2d 1043, 1055 (8th Cir. 1989) ("Delay in the provision of treatment or in providing examinations can violate inmates' rights when the inmates' ailments are medically serious or painful in nature."); cf. Logan v. Clarke, No. 97-1314, slip op. at 5 (8th Cir. July 10, 1997) (painful skin infection is serious medical need for summary judgment purposes).

We also conclude CMS may share potential liability, as Moore's evidence created a question as to whether CMS's customs or policies in distributing and processing MSRs led to Moore's inability to obtain medical care. Cf. Ort v. Pinchback, 786 F.2d 1105, 1107 (11th Cir. 1986) (per curiam) (prison medical services provider was not proper party where plaintiff did not allege provider was directly involved in injury or injury resulted from policy or custom).

As Moore presented no evidence Groose was aware of his complaints, we agree with the district court that dismissal as to Groose was proper. We also agree that summary judgment was proper as to defendants Long, Faherty, Swicord, New, and Sydow, as Moore provided no evidence they were involved in or knew of his complaints. We reject Moore's argument that the summary judgment motion of these defendants was untimely, given the district court's February 1, 1994 stay of all pending matters.

Finally, without the proposed amended complaint, it is impossible to determine whether the district court abused its discretion in denying Moore's motion to amend his

complaint.  See Brown v. Wallace, 957 F.2d 564, 565-66 (8th Cir. 1992) (per curiam) (standard of review).  Under Federal Rule of Civil Procedure 15(a), "leave [to amend] shall be freely given when justice so requires."  To the extent Moore sought to amend his initial notice pleading to specifically set forth the claims the parties have addressed in their summary judgment pleadings, we believe such amendment should be allowed. See Sanders v. Clemco Indus., 823 F.2d 214, 217 (8th Cir. 1987) (delay alone is not by itself reason to deny leave to amend; delay must have resulted in unfair prejudice to party opposing amendment).

Accordingly, we affirm the district court's dismissal as to defendant Groose, and its grant of summary judgment to defendants Long, Faherty, Swicord, New, and Sydow.  We reverse the court's dismissal as to Dormire, Bommel, and Schriro, and its grant of summary judgment to Mercier and CMS, and we remand for further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-