# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2037

_____

| | | |
|---|---|---|
| David R. Wiles, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | On appeal from the United States |
| | * | District Court for the Eastern |
| Ralf J. Salke; Gary H. Campbell; | * | District of Missouri. |
| Nancy Schlerding; Tony Gammon; | * | |
| Teresa Thornberg; Gail Bailey, | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted:  October 31, 2000

Filed:   November 7, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

Missouri inmate David R. Wiles appeals the pre-service dismissal of his 42 U.S.C. § 1983 action, which included a claim that several defendants affiliated with the Moberly Correctional Center and Correctional Medical Services showed deliberate indifference to Mr. Wiles's serious medical needs.  We reverse and remand.

Liberally construing the complaint, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), Mr. Wiles alleged in considerable detail that defendants, by effectively abdicating their policy-making and oversight responsibilities, caused Mr. Wiles's avoidable loss of kidney function, and subsequently caused him to endure undue pain and other medical complications. We conclude that these facts support an Eighth Amendment claim and therefore that the district court erred in dismissing Mr. Wiles's complaint. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (complaint should not be dismissed for failure to state claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief); Estelle v. Gamble, 429 U.S. 97, 104 (1976) (Eighth Amendment violated where prison officials are deliberately indifferent to prisoner's serious medical needs); Aswegan v. Henry, 49 F.3d 461, 464 (8th Cir. 1995) (serious medical need is one obvious to layperson or supported by medical evidence, like physician's diagnosis); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (supervisory liability under § 1983 can arise if supervisor knowingly facilitated, approved, or turned blind eye to unconstitutional conduct); Johnson v. Lockhart, 941 F.2d 705, 707 (8th Cir. 1991) ("Abdication of policy-making and oversight responsibilities can reach the level of deliberate indifference and result in the unnecessary and wanton infliction of pain to prisoners when tacit authorization of subordinates' misconduct causes constitutional injury.").

Accordingly, we reverse the judgment of the district court and remand for further proceedings. We deny Mr. Wiles's motion on appeal to amend his complaint and to add defendants, without prejudice to his right to renew such a motion in the district court. See generally Whitney v. New Mexico, 113 F.3d 1170, 1171 (10th Cir. 1997) (sua sponte dismissal appropriate only where "patently obvious" that plaintiff cannot prevail on alleged facts, and opportunity to amend would be futile; pro se litigants should be given reasonable opportunity to amend).

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.