United States Court of Appeals,

Eleventh Circuit

No. 96-8949.

Junior Vondale BUCKNER, Plaintiff-Counter-Defendant-Cross-Defendant-Appellant,

v.

W. TORO, M. Davis, A. Cherry, P. Bailey, John Doe, Officers, in their respective individual capacities, D.G. Lemacks, as Sheriff of Clayton County, Clayton County, Defendants-Counter-Claimants-Cross-Claimants-Appellees,

Prison Health Services, Inc., Defendant-Appellee.

July 1, 1997.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:93-cv-2770-CC), Clarence Cooper, Judge.

Before BLACK, Circuit Judge, RONEY, Senior Circuit Judge, and BURNS[*], Senior District Judge.

PER CURIAM:

Appellant Junior Vondale Buckner appeals the district court's grant of summary judgment to Appellees on his claim that they violated 42 U.S.C. § 1983 when they exhibited deliberate indifference to his medical and psychological needs. We affirm the grant of summary judgment.

BACKGROUND

On November 30, 1991, Appellant was injured during his arrest. The next day he was incarcerated at Clayton County Detention Center (CCDC), where he remained until May 18, 1992. At some point during that time, he developed a psychological condition described only as "conversion reaction," as a result of which Appellant became unable to walk. While incarcerated at CCDC, he received treatment from employees of Prison Health Services, Inc. (PHS), with which Clayton County had contracted for the provision of medical care for its inmates. Appellant asserts that his condition went undiagnosed and has now become permanent.

Appellant filed this § 1983 action alleging that Sheriff Lemacks, the County (collectively the County), and PHS failed to provide adequate and competent psychiatric care to pre-trial detainees

[*]Honorable James M. Burns, Senior U.S. District Judge for the District of Oregon, sitting by designation.

and inmates and that this failure constitutes deliberate indifference to his needs in violation of the Eighth Amendment. Both parties moved for summary judgment, and the district court granted summary judgment to Appellees on two grounds. The district court ruled that under *Monell v. Department of Social Servs. of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), a plaintiff suing a municipality under § 1983 must show that the municipality itself injured the plaintiff by having in place a policy or custom which violated the plaintiff's rights. The court held that Appellant failed to demonstrate the presence of any such policy or custom by PHS or the County. Even assuming the existence of a PHS policy or custom of failing to follow its own procedures, the court still found that Appellant failed to show how such a policy caused his injury.

Appellant filed a motion for reconsideration in which he argued that, contrary to the district court's statement in its first opinion, he never conceded that PHS was the functional equivalent of a municipality. Upon partial reconsideration, the court held that the *Monell* policy or custom requirement applies in cases against a private entity acting on behalf of a municipality just as it does in a case against the municipality itself. The court reaffirmed its prior rulings that Appellant failed to show a policy or custom and failed to demonstrate that such a policy was the legal cause of his injuries. Accordingly, the court again granted summary judgment to Appellees.

We review a grant of summary judgment *de novo,* viewing all the facts and reasonable inferences in the light most favorable to the nonmoving party. *Hale v. Tallapoosa County,* 50 F.3d 1579, 1581 (11th Cir.1995).

## DISCUSSION

The Supreme Court has interpreted the language of § 1983 to require that liability attaches only to those actors who violate a plaintiff's rights. *Monell v. Department of Social Servs. of New York,* 436 U.S. 658, 690-91, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). The Court overruled precedent and held that municipalities are "persons" for purposes of § 1983 and can be liable where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 663, 690, 98 S.Ct. at 2022, 2035-36 (overruling *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5

L.Ed.2d 492 (1961)). Likewise, municipalities may be sued for "constitutional deprivations visited pursuant to governmental "custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690-91, 98 S.Ct. at 2036. The Court concluded that:

> a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Id.* at 694, 98 S.Ct. at 2037-38.

Appellant argues that because PHS is a private entity, not a municipality, the *Monell* policy or custom requirement does not apply. Under that theory PHS would be liable in respondeat superior for the deliberately indifferent acts of its employees. Appellant concedes that we have previously rejected this argument in *Howell v. Evans,* in which we specifically held that the *Monell* rationale applies to private entities acting in the place of a municipality. *Howell v. Evans,* 922 F.2d 712, 724 (11th Cir.1991), *vacated pursuant to settlement,* 931 F.2d 711 (11th Cir.1991), *reinstated by unpublished order* (June 24, 1991), *cited in Howell v. Burden,* 12 F.3d 190, 191 n. * (11th Cir.1994) (explaining procedural history). Nevertheless, he argues that the Supreme Court's decision in *Wyatt v. Cole,* 504 U.S. 158, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992), effectively overruled our holding in *Howell.* The question thus becomes whether *Howell* is still controlling in light of *Wyatt.* After careful analysis of both opinions and related caselaw, we conclude that *Howell* is unaffected by *Wyatt.*

When a private entity like PHS contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state. *E.g., Howell,* 922 F.2d at 724; *Ort v. Pinchback,* 786 F.2d 1105, 1107 (11th Cir.1986); *Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 705 (11th Cir.1985). In so doing, it becomes the functional equivalent of the municipality. This pre-*Wyatt* application of the policy or custom requirement to private entities was based on the rationale of *Monell.*

The Supreme Court's rationale in *Monell* was based on a straightforward reading of the

statutory language, requiring that liability be found only against persons who cause the constitutional injury. *See Monell,* 436 U.S. at 692, 98 S.Ct. at 2036. This requirement is an element of the § 1983 claim. In contrast, Appellant characterizes the policy or custom requirement not as an element of a § 1983 claim, but as a type of immunity from liability in respondeat superior—"*Monell*-type immunity" or "municipal immunity." He uses that characterization to argue that § 1983 "municipal immunity" should not be applied to private defendants for the same reasons that the Supreme Court declined to extend qualified immunity to particular private defendants under *Wyatt v. Cole,* 504 U.S. 158, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992).[1]

 Contrary to Appellant's characterization, *Monell* did not establish a "municipal immunity" doctrine, but merely restricted municipal liability to instances where the municipality actually caused the alleged deprivation of rights. Indeed, *Monell* explicitly declined to consider whether municipalities might be entitled to some form of municipal immunity.[2] *Monell,* 436 U.S. at 701, 98 S.Ct. at 2041. We therefore reject the notion that the policy or custom requirement imposed by *Monell* may be equated with qualified immunity. To the contrary, the requirement of a municipal policy or custom constitutes an essential element of a § 1983 claim that a plaintiff must prove in

---

[1]In *Wyatt,* a property owner attempted to recover property wrongfully taken in a replevin action. *Wyatt,* 504 U.S. at 160, 112 S.Ct. at 1829. He sued the sheriff, the replevisor, and the replevisor's attorney. The district court granted qualified immunity to each of these defendants, and the Fifth Circuit affirmed. *Id.* The Supreme Court reversed, explaining that "the rationales mandating qualified immunity for public officials are not applicable to private parties." *Id.* at 167-68, 112 S.Ct. at 1833-34. Nonetheless, the Court clearly limited its holding to "private defendants faced with § 1983 liability for invoking a state replevin, garnishment, or attachment statute." *Id.* at 168-69, 112 S.Ct. at 1834.

[2]The Court explained:

> Since the question whether local government bodies should be afforded some form of official immunity was not presented as a question to be decided on this petition and was not briefed by the parties or addressed by the courts below, we express no views on the scope of any municipal immunity beyond holding that municipal bodies sued under § 1983 cannot be entitled to an absolute immunity, lest our decision that such bodies are subject to suit under § 1983 "be drained of meaning."

*Monell,* 436 U.S. at 701, 98 S.Ct. at 2041 (citations omitted). Appellant does not attempt to argue that *Wyatt* has somehow overruled *Monell.* In fact, *Monell* is never cited in the *Wyatt* opinion.

order to establish municipal liability. Appellant raises no genuine issue of material fact on this element of his claim, and therefore summary judgment in favor of Appellees was proper.

CONCLUSION

We conclude that the Supreme Court's decision in *Wyatt* has not affected our decision in *Howell v. Evans*. The policy or custom requirement is not a type of immunity from liability but is instead an element of a § 1983 claim. Accordingly, we affirm the district court's finding that the *Monell* policy or custom requirement applies in suits against private entities performing functions traditionally within the exclusive prerogative of the state, such as the provision of medical care to inmates.[3]

AFFIRMED.

---

[3]We affirm the remainder of the district court's findings without discussion.