Alan PALERMO, Freddie Mills, et. al., Plaintiff,

v.

**CORRECTIONAL MEDICAL SERVICES INC., et. al.,** Defendants.

No. 99–0537–CIV.

United States District Court, S.D. Florida, Miami Division.

June 21, 2001.

Chris Livingston, Parker & Livingston Attorneys at Law, Clinton, NC, Counsel for Plaintiffs.

Scott Distasio, Bales & Weinstein, P.A., Tampa, FL, Ryan Barack, Zinober & McCrea, Tampa, FL, Jaret Fuente, Bavol, Bush & Sisco, P.A., Tampa, FL, Counsel for Defendants.

### ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT OF DR. FISHER AND CMS

MORENO, District Judge.

The facts of this case, which originally involved multiple plaintiffs, are set forth in detail in this Court's April 3, 2001 Order, now published as *Palermo v. Correctional Medical Services Inc.*, 133 F.Supp.2d 1348 (S.D.Fla.2001) and do not bear repeating here. The result of that order was that only the claims of Freddie Mills remain. The Court reserved judgment on Mills' § 1983 claims until after oral argument could be held. Oral argument took place on June 12, 2001.

After hearing the parties at oral argument, it is the determination of the Court that no genuine issues of material fact exist, and, therefore, the Motions for Summary Judgment filed by Defendants Correctional Medical Services ("CMS"), **(D.E. No. 166)**, and by Dr. Neil Fisher, **(D.E. No. 172)**, are GRANTED.

The essence of Mills's claim arises from the failure to receive surgery while at Everglades Correctional Institute for "avascular necrosis of left femoral head" that was diagnosed back in 1995. Mills never received surgery while at Everglades, and, in fact, has not received surgery to date even though he was released from prison during the pendency of this suit.

#### Dr. Fisher

Although Mills was diagnosed with avascular necrosis in 1995, it was not until 1996 that Mills was transferred to Everglades. Mills first reported to sick call regarding the frequent pain in his left hip on August 11, 1998. TAC at ¶ 356. On August 26, 1998 Mills saw a specialist, Dr. Kim, who recommended surgery. Dr. Fisher reviewed the consultant's report and recorded that Dr. Kim's diagnosis included a recommendation for a "bone graft procedure [left] femoral head *urgent* *."  Dr.

Fisher never examined Mills, relied on Dr. Kim's consultant's report, and as the report indicates, recommended surgery. Dr. Fisher had no other involvement with Mills other than filling out a consultation request on May 27, 1999 for Mills to see Dr. Kim, writing a consultation request for a bone graft on August 3, 1999, and concurring with Dr. Kim's August 16, 1999 assessment that stated there was no need for further evaluation or surgery.

In *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976), the Supreme Court held that in order to prove an Eighth Amendment violation, the plaintiff must show that the defendant acted with deliberate indifference to the serious medical needs of the prisoner. Negligent conduct by state officials with regard to an inmate's serious medical condition does not rise to the level of a Constitutional violation, and therefore cannot be the basis for a § 1983 suit. *Id.* at 105–7, 97 S.Ct. at 291–93. Neither inadvertent failure to provide adequate medical care nor a physician's negligence in diagnosing or treating a medical condition states a valid claim of medical mistreatment under the Eighth Amendment. *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1186 (11th Cir.1994) (citing *Estelle*, 429 U.S. at 105–6, 97 S.Ct. at 292).

Rather, in order to state a cognizable claim under the Eighth Amendment, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292. Medical malpractice does not become a constitutional violation simply because it is alleged by a prisoner. *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir.1999) (quoting *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292).

In order to survive a motion for summary judgment, the plaintiff must demonstrate (1) a serious medical need; and (2) deliberate indifference to that need. *Hill*, 40 F.3d at 1186; *Estelle*, 429 U.S. at 104, 97 S.Ct. at 291. Plaintiff has failed to present sufficient evidence that Dr. Fisher or any other staff doctor at Everglades had any involvement in delaying his surgery. Mills has shown no evidence that Dr. Fisher was deliberately indifferent to his needs or did anything to delay his treatment. In fact Mills has not even produced evidence that Dr. Fisher was even negligent.

### CMS

The Eleventh Circuit requires that a plaintiff must show policy or custom in suits against private corporations performing traditional public functions. *See Buckner v. Toro*, 116 F.3d 450 (11th Cir.1997) (extending the application of *Monell v. Dept. of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) to private corporations performing traditional public functions). As the only claim that remains against CMS is that of Mills, Plaintiff must show evidence beyond what is particular to Mills in order to survive summary judgment. Plaintiff acknowledges that since he has produced no evidence of a policy amounting to deliberate indifference at CMS, he must show a custom of deliberate indifference in order to survive summary judgment.

Plaintiff must produce more than his own claims to prove a custom. The Plaintiff at this stage solely relies on a report by Correctional Medical Authority ("CMA") that conducts surveys every three years to determine whether inmates are getting the minimum level of care to establish a custom of deliberate indifference against CMS.

In its supplemental memorandum, Defendant CMS points out that the CMA report contains no citation involving delay

in obtaining surgery for inmates at Everglades. As the report is devoid of any reference to a delay in surgery, upon further review of the CMA report, therefore, it is the determination of this Court that Plaintiff has failed to produce sufficient evidence of a custom of denying surgery. Accordingly, CMS's motion for summary judgment is GRANTED.

### Conclusion

Mills has shown no evidence that Dr. Fisher was deliberately indifferent to his needs or did anything to delay his treatment, therefore, summary judgment for Dr. Fisher is GRANTED.

Since Mills has failed to establish a custom or policy of deliberate indifference by CMS involving a delay in obtaining surgery for inmates at Everglades, summary judgment for CMS is GRANTED.

As there are no remaining claims against any Defendants, the Clerk of Court is directed to mark this case CLOSED and DENY all pending motions as moot.