[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 26, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12197
Non-Argument Calendar
_____

D. C. Docket No. 04-00373-CV-KD-M

ORLANDO BETHEL,
GLYNIS BETHEL,

Plaintiffs-Appellants,

versus

TOWN OF LOXLEY,
TOWN OF LOXLEY POLICE DEPARTMENT,
CLIFF YETTER,
AL ATKINS,
KEVIN BROCK, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(December 26, 2006)

Before TJOFLAT, BIRCH and HULL, Circuit Judges.

PER CURIAM:

The district court granted the Town of Loxley, the Town of Loxley Police Department, Chief of Police Cliff Yetter, Assistant Chief of Police Al Adkins, Police Officers Kevin Brock, Kerry Mitchum, Dale Maddox, and Raymond Lovell, Magistrate Kay Hicks, and Mayor Billy Middleton summary judgment on the several claims Orlando and Glynis Bethel brought against them in this case. The Bethels now appeal. We affirm.

The events giving rise to this law suit are thoroughly stated in the district court's 38-page Memorandum Opinion and Order issued March 23, 2006, and accordingly will not be restated here. Hence, we move directly to the claims at issue in this appeal.

First Amendment Claim

The Bethels contend that (1) their speech was constitutionally protected; (2) defendants had a retaliatory motive and intent in curbing their speech; (3) defendants' actions chilled their protected speech; (4) "the act of a police officer ordering a person to cease their actions comes with the threat" that they will be arrested if they do not cease; and (5) the defendants' actions need not have actually deterred them from continuing to engage in their speech to cause injury. With

2

regard to the chilling of their speech, the Bethels further argue that <u>Taylor v. Atlanta Police Dep't</u>, 2006 WL 304038 (N.D. Ga., Feb. 7, 2006), cited by the district court for the proposition that "[s]imply being told to leave without any threat of consequences or imposition of consequences for failing to obey would not likely deter a person of ordinary firmness from the exercise of First Amendment rights[,]" is distinguishable because, unlike plaintiffs in that case, they had suffered "repeat false arrests[,]" and the city official in Taylor was without "immediate power to place the plaintiff under arrest . . . ."

It is well settled that oral and written dissemination of religious views and doctrines is protected by the First Amendment. <u>Heffron v. International Soc. for Krishna Consciousness, Inc.</u>, 452 U.S. 640, 647, 101 S.Ct. 2559, 2563, 69 L.Ed.2d 298 (1981). The First Amendment right of free speech includes not only the affirmative right to speak, but also the right to be free from retaliation by a public official for the exercise of that right. <u>See</u> <u>Ratliff v. DeKalb County, Ga.</u>, 62 F.3d 338, 340 (11th Cir. 1995).

To state a claim for retaliation for exercising their First Amendment rights a plaintiff must establish that: (1) the speech or act was constitutionally protected; (2) the defendant's retaliatory conduct adversely affected the protected speech; and (3) a causal connection existed between the retaliatory conduct and the adverse

3

effect on speech. Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005).

First Amendment retaliation is actionable because "it threatens to inhibit exercise of the protected right." Id. at 1253. Although the Bethels need not actually have been deprived of their First Amendment rights in order to establish a claim of retaliation – because conduct that tends to chill the exercise of a constitutional right might not itself deprive a citizen of such a right – to recover for retaliation, the Bethels must show that the defendants' conduct resulted in something more than a "de minimis inconvenience" to the exercise of their First Amendment rights. See id. at 1252; Cate v. Oldham, 707 F.2d 1176, 1189 (11th Cir. 1983). The Bethels must have suffered an adverse effect on the exercise of their First Amendment rights. Bennett, 423 F.2d at 1252. "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." Id. at 1250.

"[T]he effect on freedom of speech may be small, but since there is no justification for harassing people for exercising their constitutional rights, it need not be great in order to be actionable." Id. at 1254 (quoting Bart v. Telford, 677 F.2d 622, 625 (7th Cir. 1982)) (internal quotation marks and citation omitted). However, in a case heavily relied upon in Bennett, the Fourth Circuit stated that

4

"[w]hile it is not dispositive, the plaintiff's actual response to the defendant's conduct "provides some evidence of the tendency of that conduct to chill First Amendment activity." Constantine v. Rectors and Visitors of George Mason University, 411 F.3d 474, 500 (4th Cir. 2005) (persuasive authority).

The district court properly concluded that no genuine issue of material fact exists regarding the alleged infringement of the Bethels' First Amendment rights for any of the four incidents alleged in their amended complaint.

Fourth Amendment Claim

The Bethels argue that Magistrate Hicks's affidavit does not support probable cause for their arrest. Probable cause exists for an arrest if the arrest is "objectively reasonable based on the totality of the circumstances." Durruthy v. Pastor, 351 F.3d 1080, 1088 (11th Cir.2003) (internal citations and quotation marks omitted). An arrest is objectively reasonable when "the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Id. (internal citation omitted).

The district court properly found that no genuine issue of material fact exists regarding the Bethels' Fourth Amendment claim because the police had probable

cause to arrest the Bethels for domestic violence, menacing, and attempted assault.

Because the Bethels' First or Fourth Amendment rights were not infringed, we need not address whether (1) the individual defendants are entitled to qualified immunity, (2) Magistrate Hicks is entitled to judicial immunity, or (3) the Town of Loxley engaged in a policy or custom that deprived the Bethels of a constitutional right. See Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001) (qualified immunity); Burns v. Reed, 500 U.S. 478, 492, 111 S.Ct. 1934, 1941, 114 L.Ed.2d 547 (1991) (judicial immunity); Monell v. Department of Social Servs., 436 U.S. 658, 690, 98 S.Ct. 2018, 2035-36, 56 L.Ed.2d 611 (1978) (municipal liability); Davis v. Williams, 451 F.3d 759, 762 (11th Cir. 2006) (qualified immunity); Buckner v. Toro, 116 F.3d 450, 452 (11th Cir.1997) (municipal liability).

AFFIRMED.