[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10327
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-61260-KMW


WILLIAM M. KELLY, III,

Plaintiff-Appellant,

versus

BROWARD SHERIFF'S OFFICE
DEPARTMENT OF DETENTION'S,
CLINT MARTIN,
ARMOR CORRECTIONAL HEALTH, INC.,
all affiliates,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 23, 2014)

Before PRYOR, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

William M. Kelly, III, a Florida prisoner proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint against the Broward County Sheriff's Office, Clint Martin, and Armor Correctional Health[1] for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  On appeal, Kelly argues that the district court erred when it dismissed his complaint, particularly in light of his efforts to correct deficiencies in his initial complaint and the extraordinary circumstances surrounding his filings.  After a careful review of the record, we affirm.

I.

According to Kelly's complaint, Martin, Kelly's neighbor, first called the Broward County Sheriff's Office "[o]n or about 2006 or 2007 . . . to respond to a possible Peeping Tom."  Kelly had apparently been using binoculars to look into Martin's home.  After that call, Kelly alleged that Broward County officers responded to several calls at his residence, and held him at gun point no less than ten times.  Kelly complained that the officers violated his constitutional rights by using excessive force to enter his property and by seizing a number of items

---

[1] Although it is not entirely clear from the record, Armor is presumably under contract to provide medical treatment to individuals detained in the facility in which Kelly is presently held or one in which he has been held in the past.

2

without a warrant.  Kelly alleged that on many of these occasions the officers forcibly removed him from his home and "fabricated and concocted" allegations to have him hospitalized and evaluated for mental health issues.  Eventually, through the alleged collusion of Martin and the Broward County Sheriff's Office, Kelly was arrested in 2011 for aggravated assault with a deadly weapon.  Prosecutors filed charges against Kelly, and the criminal proceedings were ongoing at the time Kelly filed his complaint.  Kelly contested both the validity of his incarceration and the effectiveness of his representation in the resulting prosecution.  Finally, he alleged that the defendants defamed and slandered him.  For this conduct, Kelly sought an unspecified amount of damages and the imposition of up to $6 million in fines.

The magistrate judge issued a Report and Recommendation recommending that Kelly's complaint be dismissed because it failed to plead facts sufficient to render any of the defendants proper § 1983 defendants.  Also, the district court noted that many claims were time barred, not cognizable, or inappropriate for resolution in federal court under comity and abstention principles.  After reviewing the Report and Kelly's written objections to it, the district court affirmed and adopted the Report and dismissed the case without prejudice.

II.

3

For parties proceeding in forma pauperis, a court is required to dismiss a case if it determines that the action or appeal fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). When a district court sua sponte dismisses a claim under § 1915(e)(2)(B)(ii), we review the decision de novo and take the allegations in the complaint as true. Hughes v. Lott, 350 F.3d 1157, 1159–60 (11th Cir. 2003). Furthermore, because Kelly proceeds pro se, his filings must be liberally construed and held to a less stringent standard than those drafted by attorneys. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

The standard for dismissal under § 1915(e)(2)(B)(ii) is the same as the standard for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, the district court was required to dismiss Kelly's complaint if the facts as pleaded fail to state a claim that is "plausible on its face" for which relief can be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation mark omitted).

We note first that much of the conduct alleged in Kelly's complaint may have taken place outside the statute of limitations for bringing a § 1983 claim. "Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years." City of Hialeah, Fla. v. Rojas, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002). A district court does not err when it dismisses a time-barred § 1983 claim for failure to state a claim. Jones v.

4

Bock, 549 U.S. 199, 215, 127 S. Ct. 910, 920–21 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . .").

Kelly does not allege any specific date in his complaint beyond noting that Martin initially called the police in 2006 or 2007 and that Kelly was arrested on or around October 5, 2011.  Kelly filed his complaint on June 22, 2012, and so, as the magistrate judge noted, the district court lacks jurisdiction over Kelly's claims to the extent the underlying conduct took place before June 22, 2008.

The failure to provide sufficient facts in the complaint regarding the dates of the relevant conduct makes it difficult, if not impossible, for this Court to distinguish conduct within the statute of limitations from conduct outside of it.  On appeal, Kelly has argued that this issue should not give us pause because the initial call actually took place in 2009, and his allegation to the contrary was in error.  Kelly attempted to correct this purported error in his written objections to the magistrate judge's Report and Recommendation.  In those objections, he claimed that the call actually took place on December 4, 2009, which would bring that and all subsequent conduct within the statute of limitations.  The district court's failure to accept this attempted correction to the record, Kelly argues, was error.

We assume, without deciding, that the district court should have liberally construed Kelly's written objection as a motion to amend his complaint and that

the district court erred to the extent its decision relied on the dates as originally pleaded. Even so, the district court did not err in dismissing Kelly's complaints because other issues render his complaint insufficient to state grounds upon which the federal courts can grant relief.

First, the district court correctly concluded that many of Kelly's allegations do not provide a basis for relief under § 1983. Defamation by government officials, for example, does not amount to a constitutional deprivation under § 1983 except in circumstances that do not apply to this case. See Von Stein v. Brescher, 904 F.2d 572, 582 (11th Cir. 1990).

To the extent Kelly raises cognizable claims, the district court correctly concluded that all claims must be dismissed because the complaint's allegations were insufficient to render any defendant a proper § 1983 defendant.[2]

Regarding Kelly's claims against Martin, § 1983 claims can only be brought against "person[s] acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey v. Harvey,

---

[2] The district court also justified the dismissal under the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746 (1971). But a recent Supreme Court decision casts doubt on the applicability of Younger abstention in cases outside the narrow circumstances in which its application has already been endorsed. Sprint Commc'ns, Inc. v. Jacobs, ___ U.S. ___, ___, ___ S. Ct. ___, ___, 2013 WL 6410850, at *8 (Dec. 10, 2013). Today we need not decide whether Sprint Communications would preclude Younger abstention here. Neither do we need to remand to the district court for reconsideration in light of Sprint Communications, because Kelly's complaint was properly dismissed on the alternative ground that it fails to identify any proper defendant.

949 F.2d 1127, 1130 (11th Cir. 1992).  Merely making a report of perceived misconduct and furnishing information to the police is not such a "rare circumstance."  See Benavidez v. Gunnell, 722 F.2d 615, 618 (10th Cir. 1983) ("The mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under §§ 1983 or 1985.").  And while it is true that a private citizen may collude with state actors to such an extent that his action becomes state action, neither the minimal facts alleged in the complaint nor the more descriptive allegations included in Kelly's objections sufficiently state a claim that Martin's cooperation with police constituted state action.  Thus, the court did not err in dismissing Kelly's claims against Martin.

Neither did the district court err in dismissing the claims against Armor.  To state a claim against Armor, the complaint must allege that Armor's employees violated Kelly's constitutional rights while executing a company custom or policy.  See Buckner v. Toro, 116 F.3d 450, 452–53 (11th Cir. 1997) (holding that an "essential element" of a § 1983 claim brought against a private entity contracting to provide medical services to prison inmates is proof that the entity's employees acted pursuant to a policy or custom).  The only allegations in the complaint related to medical treatment state that police officers fabricated facts to have Kelly admitted to a hospital against his will.  Beyond this, it is only in the caption that the

7

complaint even refers to Armor.  And even if the employees admitting and treating Kelly based on the officers' representations were in fact affiliated with Armor, Kelly has not alleged that the employees acted pursuant to any entity policy or custom.  Such bare and at best implicit factual allegations are insufficient to state a claim against Armor.

The only remaining defendant is the Broward County Sheriff's Office.  As is the case with the claims against Armor, the Sheriff's Office can only be held liable for injuries inflicted by individual officers under § 1983 if the officers acted pursuant to a departmental policy or custom.  See Monnell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 2037–38 (1978).  Although Kelly's complaint alleges misconduct on the part of the Office's individual officers—for example, the alleged warrantless seizure of property and the nefarious efforts to have Kelly hospitalized—it contains no allegations that it was a departmental policy or custom that caused the officers to engage in the offensive conduct.  To the extent the complaint makes allegations against the Sheriff's Office as well as its individual officers, the statements are no more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.  Such statements are insufficient to state a claim.  Id.

For these reasons, we **AFFIRM** the district court's dismissal of Kelly's § 1983 complaint.

8