[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14813
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cv-61902-BB

JEFFREY EMIL GROOVER,

                                              Plaintiff-Appellant,

versus

BROWARD COUNTY SHERIFF,
Scott Israel,
U.S. CORRECTIONS,
Contractor,

                                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 4, 2017)

Before WILLIAM PRYOR, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

This case requires us to consider whether the district court erred in (1) dismissing *pro se* inmate Jeffrey Groover's complaint against Broward County Sheriff Scott Israel and contractor U.S. Corrections for failure to state a claim and (2) denying him leave to amend on the basis that any amendment would be futile. Groover has asserted that his constitutional rights under the Eighth and Fourteenth Amendments were violated by his conditions of confinement when he was forced to ride in a small cage inside a prison transport van. Groover alleged that he was caged in the van, which lacked adequate ventilation, for 52 hours in August as he was transported from North Carolina to Florida, and as a result of the heat, he suffered from heat stroke, became delusional, and vomited. Although Groover's complaint sufficiently alleged that his constitutional rights were violated, he failed to allege sufficient facts to show that U.S. Corrections, the entity that transported him, or Sheriff Israel, who hired U.S. Corrections for the transport, were liable for these violations. Even though Groover failed to state a claim for relief against U.S. Corrections and Sheriff Israel, the district court erred when it concluded that any amendment would be futile and thus denied him an opportunity to amend his complaint. We vacate and remand so he may have an opportunity to do so.

2

## I.    FACTUAL BACKGROUND

Groover was convicted in federal district court of mail fraud, bank fraud, and aggravated identify theft and sentenced to 163 months' imprisonment.[1]   While serving his sentence at a federal prison in North Carolina, he was extradited to Broward County, Florida to face separate state criminal charges.  Sheriff Israel hired U.S. Corrections,[2] an independent contractor, to transport Groover from North Carolina to Florida.

U.S. Corrections used a van to transport Groover, placing him in a steel cage in the back of the van that was just 34 inches wide, 42 inches tall, and six feet wide.  The cage, which one of the drivers called a "dog cage," had only one small vent.  Groover was forced to wear handcuffs, a waist chain, and shackles on his legs for the entire trip.  During the trip, which took 52 hours, the van rarely stopped for bathroom breaks, and Groover was allowed to have food and a cup of water only every eight hours.  When Groover suffered delusions and vomited about 24 hours into the trip, he was given an extra cup of water.  Because of the heat, he also experienced heat stroke, sleep deprivation, and physical exhaustion during the ride.

---

[1] For purposes of determining whether Groover stated a claim, we accept the complaint's well-pled allegations as true and construe the allegations in the light most favorable to him.  *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012).  Accordingly, we recite the facts as Groover has alleged them.

[2] U.S. Corrections is a private entity distinct and separate from the Federal Bureau of Prisons.

During the trip Groover repeatedly asked the van drivers for their names, but they refused to identify themselves.

Groover filed a *pro se* complaint in federal district court against U.S. Corrections and Sheriff Israel.  He sought a declaration that the procedures used to transport him violated his constitutional rights, an injunction barring the use of steel cages in transportation, and monetary damages.

Before the complaint was served on either defendant, a magistrate judge screened the complaint under 28 U.S.C. § 1915(e)(2)(ii), recommending that the complaint be dismissed for failure to state a claim.  The magistrate judge construed Groover's complaint as making claims against Sheriff Israel and the Federal Bureau of Prisons.[3]  Apparently construing the complaint as challenging Groover's lack of access to food, water, and bathroom facilities during the trip, the magistrate judge explained that Groover's allegations were insufficient to establish a constitutional violation because his complaint showed he was provided with these things.  The magistrate judge further concluded that Groover should not be granted leave to amend his complaint because any amendment would be futile.  But the magistrate judge failed to address Groover's constitutional claim challenging his conditions of confinement based on the heat and inadequate ventilation inside the van.

---

[3] The magistrate judge misunderstood U.S. Corrections to refer to the Federal Bureau of Prisons.

4

Groover objected to the magistrate judge's report and recommendation.  He argued that the magistrate judge had overlooked that he was making claims not against the Federal Bureau of Prisons but instead against U.S. Corrections, the independent contractor that transported him to Florida.  Groover also pointed out that he was making claims based on the excessive heat and lack of ventilation during the trip.  After considering the objections, the district court adopted the magistrate judge's recommendation and dismissed Groover's claims with prejudice.  This is his appeal.

## II.    STANDARD OF REVIEW

We review *de novo* a district court's decision to dismiss for failure to state a claim under 28 U.S.C. § 1915, taking the allegations in the complaint as true.  *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  To state a claim for relief, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  We must keep in mind that "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers."  *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).

We generally review for abuse of discretion the district court's denial of an opportunity to amend.  But "we exercise *de novo* review as to the underlying legal

5

conclusion that an amendment to the complaint would be futile." *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1336 (11th Cir. 2010).  When a more carefully drafted complaint might state a claim, a plaintiff ordinarily must be given at least one chance to amend before the district court dismisses the complaint with prejudice.  *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).  But an opportunity to amend need not be given if any amendment would be futile because even an amended complaint would still fail to state a claim.  *See id.* at 1015.

### III.    LEGAL ANALYSIS

"Title 42 U.S.C. § 1983 provides a cause of action against '[e]very person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . .'" *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (alterations in original) (quoting 42 U.S.C. § 1983).  Although Groover alleged sufficient facts to show a violation of his constitutional rights, his allegations were insufficient to show that U.S. Corrections, a private entity, or Sheriff Israel, a supervisor, were liable for those violations under § 1983. Nevertheless, the district court should have given him an opportunity to amend his complaint.

6

Groover adequately alleged that his constitutional rights were violated based on his exposure to heat and lack of ventilation. The district court concluded that he failed to state a claim for relief but overlooked his constitutional claim based on his exposure to extreme heat and lack of ventilation and never analyzed whether there was a constitutional violation based on that exposure.

The "Constitution does not mandate comfortable prisons," but the Eighth and Fourteenth Amendments guarantee that prisoners and pretrial detainees, will not be "deprive[d] . . . of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981).[4] We have explained that conditions of confinement violate the Constitution "only when they 'involve the wanton and unnecessary infliction of pain.'" *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (quoting *Rhodes*, 452 U.S. at 347).

The prisoner or detainee must show that the challenged condition is "extreme," meaning it "pose[s] an unreasonable risk of serious damage to his future health or safety." *Id.* (alteration in original) (internal quotation marks omitted). The condition must be "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling v. McKinney*,

---

[4] We have recognized that prisoners and pretrial detainees are entitled to the same "minimum standard" of basic necessities. *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1574 (11th Cir. 1985). Because the same standard applies to pretrial detainees and prisoners, we need not decide whether during the transport Groover was a pretrial detainee, because he was being transferred to Broward County to stand trial in state court, or a prisoner, because he had been convicted in federal court.

7

509 U.S. 25, 36 (1993).  Although a prisoner or detainee's exposure to hot, uncomfortable temperatures certainly is not *per se* unconstitutional, there is a point where exposure to extreme heat without adequate cooling or ventilation can give rise to a constitutional claim given the health and safety risks associated with exposure to high temperatures.  *See Chandler*, 379 F.3d at 1294-95; *Gates v. Cook*, 376 F.3d 323, 339-40 (5th Cir. 2004).  To determine whether a condition is sufficiently extreme, we must consider "both the severity and the duration of the prisoner's exposure to inadequate cooling and ventilation."  *Chandler*, 379 F.3d at 1295 (internal quotation marks omitted).  As part of this inquiry, we look to factors such as whether: at the hottest times of day it was cooler inside than outside; there was a ventilation system that effectively managed air circulation and humidity; or there were other conditions that alleviated rather than exacerbated the heat, including the availability of running water and the opportunity to enter air conditioned areas.  *Id.* at 1297-98.

Groover's allegations were sufficient to establish that he was exposed to extreme conditions during his transportation.  Liberally construing the complaint, he alleged that he was transported by van across the south from North Carolina to Florida over a span of 52 hours in August inside a small steel cage lacking adequate ventilation and that the conditions were exacerbated by his limited access to water and inability to move to a cooler area.  As a result of the heat, he

8

experienced heat stroke, delusions, and vomiting.  Applying common knowledge about how quickly and how high the temperature can rise in the summer inside a vehicle without adequate cooling or ventilation and taking his allegations as true, we conclude that Groover was exposed to an extreme condition in violation of his constitutional rights.

Although Groover's allegations were sufficient to show his constitutional rights were violated, he failed to allege sufficient facts to show that either defendant was liable for the constitutional violation.  First, his allegations were insufficient to show that U.S. Corrections, a private entity, was liable for the violation of his constitutional rights.  A private entity generally is not considered a state actor under § 1983, but when it contracts to "perform[] a function traditionally within the exclusive prerogative of the state," it becomes the functional equivalent of a municipality under § 1983.  *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 2007).  Under § 1983, a municipality is not liable simply because the entity employed a person who violated the plaintiff's constitutional rights.  *See McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (explaining that we cannot "infer municipal culpability and causation" because "a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee").  At the motion to dismiss stage, a plaintiff must allege facts showing that the

9

municipality caused the constitutional violation. *See Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991).

To satisfy this burden, the plaintiff must allege facts to show "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell*, 392 F.3d at 1289. "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality. A custom is a practice that is so settled and permanent that it takes on the force of law." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997) (citation omitted). "In order for a plaintiff to demonstrate a policy or custom, it is generally necessary to show a persistent and wide-spread practice." *McDowell*, 392 F.3d at 1290 (internal quotation marks omitted).

Groover's allegations were insufficient to state a claim against U.S. Corrections because he never alleged that U.S. Corrections had a custom or policy that constituted deliberate indifference to inmates' or detainees' constitutional rights. The complaint set forth allegations only about U.S. Corrections' transportation of Groover; under § 1983 we cannot impose liability against U.S. Corrections "based upon an isolated incident." *Id.* Put simply, Groover alleged no facts showing that U.S. Corrections had a persistent and widespread practice of

transporting other inmates or pretrial detainees in a similar way.  Because Groover failed to allege sufficient facts to establish that U.S. Corrections adopted a custom or practice that constituted deliberate indifference, he failed to state a claim for relief against the entity.

Second, Groover's allegations also were insufficient to establish that Sheriff Israel was liable for the violation of Groover's constitutional rights.  A supervisory official is not liable under § 1983 simply because his subordinates violated a person's constitutional rights.  *See Cotton v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).  Instead, a supervisor is liable under § 1983 only if he "personally participate[d] in the alleged unconstitutional conduct" or if there was a "causal connection between the actions of a supervising official and the alleged constitutional deprivation."  *Id.*  To survive a motion to dismiss, a plaintiff must allege facts sufficient to show that the supervisory official personally participated in the unconstitutional conduct or that there was such a causal connection.  *See id.* at 1362.

Groover failed to allege that Sheriff Israel personally participated in the unconstitutional conduct or that there was a causal connection between Sheriff Israel's actions and the constitutional deprivation alleged.  Although Groover argues on appeal that Sheriff Israel condoned the use of U.S. Corrections' vans, he alleged no facts showing that Sheriff Israel was aware of how U.S. Corrections

11

transported prisoners and pretrial detainees.  Thus, we cannot say that he sufficiently alleged a causal connection between Sheriff Israel's actions and the constitutional deprivation.

Because Groover's allegations were insufficient to establish that either U.S. Corrections or Sheriff Israel were liable, the district court correctly concluded that he had failed to state a claim for relief as to each defendant.  But given that he alleged a constitutional violation based on his exposure to extreme heat and lack of ventilation, he should have an opportunity to amend his complaint to allege additional facts to establish U.S. Corrections' or Sheriff Israel's liability for the constitutional violation.  We express no opinion as to whether Groover ultimately will be able to state a claim for relief against these defendants.[5]  We can say only that the record at this early juncture does not establish that amendment would be futile.

## IV.    CONCLUSION

For the reasons set forth above, we vacate the district court's dismissal and remand with instructions that Groover be permitted to file an amended complaint.

**VACATED AND REMANDED.**

---

[5] We note that we have allowed prisoners to bring actions against sufficiently-described "John Doe" defendants where they cannot identify the individual defendants who violated their constitutional rights at the time of filing the complaint but would be able to do so through discovery.  *See Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992).