[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10815

Non-Argument Calendar

_____

DWIGHT SMITH,
CATHERINE SMITH,
BRYANT SMITH,

                                        Plaintiffs-Appellants,

*versus*

CITY OF JOHNS CREEK, A MUNICIPALITY IN THE STATE OF
GEORGIA, et al.,

                                        Defendants,

LIFELINE ANIMAL PROJECT, INC.,

2                          Opinion of the Court                    24-10815

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-02325-SEG

_____

Before NEWSOM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Plaintiffs Dwight Smith, Catherine Smith, and Bryant Smith—all proceeding *pro se*—sued Lifeline Animal Project, Inc. ("Lifeline"), alleging that the company was negligent and violated the Smiths' Fourth Amendment rights when one of its employees unlawfully entered their property. The district court dismissed the Smiths' second amended complaint under Federal Rule of Civil Procedure 12(b)(6) and denied leave to amend as futile. The Smiths now appeal.

After careful review, we conclude that the district court did not err in dismissing the complaint and denying leave to amend. Accordingly, we affirm.

## I.    Background

### A.    Factual Background[1]

Defendant Lifeline Animal Project, Inc. is a Georgia corporation that, at least as of mid-2020, was under contract with Fulton County to provide animal control services.  In June 2020, an unspecified Lifeline employee went to the joint residence of Plaintiffs Dwight, Catherine, and Bryant Smith in Johns Creek, Georgia, to "investigate" an alleged dog bite reported five days earlier.  Before having any contact with the plaintiffs, the Lifeline employee called 911 to report being "threatened."  A Johns Creek police officer responded to the call.

Without a warrant, the Lifeline employee and the officer entered the property, passed "through a gated entrance on the deck[,] and knocked on the back door."  According to the complaint, there was a "no trespass" sign posted on the plaintiffs' front porch, and "[t]he area" that the Lifeline employee and the officer walked through was "not visible to the public and considered the private curtilage."  None of the plaintiffs consented to the entry onto their property.

---

[1] Because this case reaches us at the motion-to-dismiss stage, we draw all facts from the plaintiffs' operative complaint—here, their second amended complaint.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "We accept factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff[s]."  *Tims v. LGE Cmty. Credit Union*, 935 F.3d 1228, 1236 (11th Cir. 2019).  The facts recounted here are thus based solely on what the plaintiffs alleged in their complaint.

4                    Opinion of the Court                    24-10815

Plaintiff Catherine Smith answered the door, after which the Lifeline employee and the officer "interrogated [her] aggressively." At some point, Catherine "called 911 and reported the incident." She also asked the Lifeline employee and the officer if they had a warrant. After they responded that they did not, Catherine asked them to "vacate the property." The Lifeline employee and the officer "refused" to do so until a police supervisor told them to leave.[2]

B.     *Procedural History*

About two years after the incident involving Lifeline, the plaintiffs filed a 26-count complaint in the district court. They asserted various claims against multiple defendants including the City of Johns Creek, the City of Johns Creek Police Department, individual Johns Creek police officers, and Fulton County. The plaintiffs did not name Lifeline as a defendant, though they did identify and name as defendants several "Fulton County" "animal control officer[s]."

Soon after, the plaintiffs amended their complaint, and the defendants moved to dismiss. The district court granted the motions to dismiss on the grounds that the first amended complaint was an impermissible shotgun pleading and that some

---

[2] Following this encounter, the plaintiffs continued to have run-ins with their neighbors and other Johns Creek police officers. We do not recount the facts of those incidents because they have nothing to do with Lifeline. As explained more later, Lifeline is the only remaining defendant here, and this appeal concerns only the facts laid out above.

individual defendants were not properly served. Notable here, the district court found that the "Animal Control Defendants" named in the complaint—including the person that allegedly entered the plaintiffs' property—were the ones not properly served. In response, the plaintiffs asked to "remove the name[s] of the individual [Animal Control Defendants] and replace them with Lifeline Animal Project, Inc., the corporate entity." The district court granted the plaintiffs' request, giving them leave to file a second amended complaint and replace the individual defendants with Lifeline.

The plaintiffs then filed their second amended complaint, the operative complaint for this appeal. That complaint removed several defendants, leaving only the City of Johns Creek, several individual Johns Creek police officers, and Lifeline. The plaintiffs alleged one 42 U.S.C. § 1983 claim for a violation of Fourth Amendment rights and one claim of negligence under Georgia law against Lifeline. The claims against the other defendants included a § 1983 claim for violations of due process and equal protection and a § 1983 claim for a Fourth Amendment violation.

Once again, the defendants—including Lifeline—moved to dismiss. But before the district court could rule on the pending motions, the plaintiffs noticed their voluntary dismissal of all claims against all the defendants except Lifeline under Federal Rule of

Civil Procedure 41(a)(1)(A)(i).[3]  The notice of dismissal left only Lifeline as a defendant.

After briefing, the district court ruled on Lifeline's pending motion to dismiss and concluded that the plaintiffs had failed to state a claim for the alleged Fourth Amendment violation based on the unnamed Lifeline employee's entrance onto the plaintiffs' property.[4]  The district court first held that the plaintiffs failed to adequately plead that Lifeline was a state actor, which is required for § 1983 liability.  The court then explained that even if Lifeline were a state actor, the plaintiffs had failed to adequately plead that Lifeline—rather than Lifeline's employee—violated their Fourth Amendment rights.  The district court thus dismissed the plaintiffs' § 1983 claim.  It also dismissed the remaining Georgia negligence

---

[3] Rule 41(a)(1)(A)(i) allows a plaintiff to dismiss "an action" without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  We have held that the rule allows a plaintiff to dismiss "all the claims against one party," *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1037 (11th Cir. 2023) (quotation omitted), which is what the plaintiffs did here with respect to all defendants except Lifeline.

[4] In ruling on the motion to dismiss, the district court did not consider multiple exhibits attached to the plaintiffs' response to the motion.  The exhibits included a document "purporting to be a contract between Lifeline and Fulton County, various addenda to the contract, a 'Fulton County Animal Services Bite Report,' and a victim statement concerning an alleged animal bite."  The district court held that it was restricted to the four corners of the plaintiffs' complaint and that the new exhibits submitted with the plaintiffs' response to the motion to dismiss improperly sought to amend the complaint to add factual allegations.

claim under 28 U.S.C. § 1367(c)(3)[5] and denied leave to amend the complaint as futile. As to futility, the court explained that even the plaintiffs' "proposed amendment" failed to "state facts sufficient to show that Lifeline had a custom or policy" that led to the alleged Fourth Amendment violation.

The plaintiffs timely appealed.

## II.    Standard of Review

"We review *de novo* a district court's grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Tims*, 935 F.3d at 1236. "We accept factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff[s]." *Id.* Further, "we ordinarily review district court orders denying leave to amend a complaint for abuse of discretion," but when "the denial is based on a legal determination that amendment would be futile," our review is *de novo*. *Taveras v. Bank of Am., N.A.*, 89 F.4th 1279, 1285 (11th Cir. 2024) (citation and quotation omitted).

Although we liberally construe *pro se* pleadings, we will not "serve as *de facto* counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation omitted). *Pro se* plaintiffs must still provide "at least some factual

---

[5] Once a district court has "dismissed all claims over which it has original jurisdiction," it "may decline to exercise supplemental jurisdiction" over any remaining claims. 28 U.S.C. § 1367(c)(3).

support for a claim." *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

## III.    Discussion

The plaintiffs press several arguments on appeal. First, they argue that the district court erred in holding that Lifeline—through its employee—was not acting under color of law when the employee entered the plaintiffs' property. To make this argument, the plaintiffs rely heavily on the documents the district court disregarded below—including the terms of the purported animal control services contract between Fulton County and Lifeline. Second, the plaintiffs contend (in their reply brief) that the district court erred in holding that they were required—and failed—to plead a policy or custom that caused the alleged Fourth Amendment violation. And third, the plaintiffs argue (again, in their reply brief) that the district court should have given them leave to amend their complaint a third time.

We first address the dismissal of the complaint. We then turn to the denial of leave to amend. Because we conclude that the district court did not err in either respect, we affirm.

### A.    *The district court properly dismissed the second amended complaint for failure to state a claim*[6]

To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible

---

[6] The plaintiffs argue only that the district court erred with respect to their § 1983 claim. Because they do not challenge the district court's dismissal of

24-10815                Opinion of the Court                9

on its face." *Tims*, 935 F.3d at 1236 (quotation omitted). "A claim has facial plausibility when the plaintiff[s] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quotation omitted).

To state a claim under § 1983, a plaintiff must plead "that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). A governmental entity "cannot be held liable *solely* because it employs a tortfeasor." *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 691 (1978). Instead, it is only when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694.

We assume without deciding that the plaintiffs have adequately pleaded that the Lifeline employee's investigation of the dog bite was state action. In other words, we assume—as the plaintiffs argue—that the Lifeline employee "worked with . . . Fulton County [personnel] to administer" animal control

---

their negligence claim, the negligence claim is abandoned. *See Marek v. Singletary*, 62 F.3d 1295, 1298 n.2 (11th Cir. 1995) ("Issues not clearly raised in the briefs are considered abandoned.").

services.[7]   We also assume without deciding that the Lifeline employee indeed violated the plaintiffs' Fourth Amendment rights. Given these assumptions, the question becomes whether the plaintiffs have adequately pleaded that Lifeline—as opposed to its employee—violated the plaintiffs' rights.  *See Monell*, 436 U.S. at 694.  We hold that they have not.

Under *Monell*, "[a] county is liable under section 1983 only for acts for which the county is actually responsible."  *Grech v. Clayton Cnty.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (alteration adopted).  There are "three ways" that a plaintiff can establish a county's liability under *Monell*: "(1) identifying an official policy; (2) identifying an unofficial custom or widespread practice that is so permanent and well settled as to constitute a custom and usage with the force of law; or (3) identifying a municipal official with final policymaking authority whose decision violated the plaintiff's constitutional rights."  *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty.*, 48 F.4th 1222, 1229 (11th Cir. 2022).  The identified policy or custom must be the "moving force behind the deprivation of a constitutional right."  *Id.* at 1235 (quotation omitted).

---

[7] Lifeline argues that the plaintiffs improperly rely on the purported contract between Fulton County and Lifeline to establish state action.  According to Lifeline, the plaintiffs "improperly attempted to amend the operative complaint" by submitting the contract as an exhibit to their response to Lifeline's motion to dismiss.  Because we assume without deciding that the Lifeline employee's actions were state action, we do not reach whether the plaintiffs' reliance on the contract to establish state action is improper.

Importantly here, "[t]he *Monell* rationale applies to private entities acting in the place of [counties]." *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997); *accord Craig v. Floyd Cnty.*, 643 F.3d 1306, 1310 (11th Cir. 2011). In other words, where a private entity contracts with a county to perform what would otherwise be state action, and the plaintiff sues the private entity under § 1983, the plaintiff must prove that that entity—not just the entity's employee—violated the plaintiff's rights. *See Buckner*, 116 F.3d at 452. After all, in such cases, the private entity "becomes the functional equivalent of" the county. *Id.*

The plaintiffs here alleged that a Lifeline employee—in pursuit of animal control—violated their Fourth Amendment rights. But rather than suing the employee, the plaintiffs sued Lifeline itself. Because, as the plaintiffs argue, Lifeline took the place of Fulton County for purposes of animal control,[8] the plaintiffs had to satisfy the *Monell* standard. *See id.* That is, they had to identify a Lifeline policy or custom that was the "moving force" behind the Lifeline employee's allegedly unlawful intrusion on their property. *Chabad Chayil, Inc.*, 48 F.4th at 1229, 1235. Here, they failed to do so.

To begin, as the district court found, the second amended complaint nowhere alleged that Lifeline had an "official policy" permitting its employee to intrude unlawfully onto the plaintiffs' property. *Id.* at 1229; *Grech*, 335 F.3d at 1330. Indeed, the only time

_____

[8] Again, we assume without deciding that Lifeline's role in providing animal control services for the county rendered it a state actor.

the complaint mentioned any "policies" was when it made a conclusory statement that some subset of violations complained of were the result of the City of Johns Creek's policies—not Lifeline's.

Next, the plaintiffs' complaint did not identify any "unofficial custom or widespread practice that is so permanent and well settled as to constitute a custom and usage with the force of law." *Chabad Chayil, Inc.*, 48 F.4th at 1229. To be sure, the plaintiffs did allege that on a single occasion, a Lifeline employee violated their Fourth Amendment rights by unlawfully entering their property. But absent something more, "a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*." *City of Okla. City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (plurality opinion); *accord Craig*, 643 F.3d at 1310–11.

And lastly, the second amended complaint did not identify "a [Lifeline] official with final policymaking authority whose decision violated the plaintiff's constitutional rights." *Chabad Chayil, Inc.*, 48 F.4th at 1229. All the complaint alleged was that someone from Lifeline entered the plaintiffs' property. The complaint alleged no facts showing that that person "ha[d] final policymaking authority" of any kind. *Id.*

Because the second amended complaint failed to allege that a Lifeline policy, custom, or final policymaker was the "moving force" behind the alleged constitutional violation, the district court did not err in granting Lifeline's motion to dismiss the § 1983

claim.[9] *See id.* at 1235.  Having decided that the dismissal was not error, we now turn to whether the district court should have granted the plaintiffs leave to amend.

### B.        *The district court did not err in denying leave to amend*

The plaintiffs generally argue that the district court should have allowed them to amend their complaint a third time.  We disagree.

Parties can amend their pleadings more than once only "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id.*  Generally, *pro se* plaintiffs "must be given at least one chance to amend the complaint" before dismissal with prejudice.  *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (quotation omitted).  But leave to amend is not required "if a more carefully drafted complaint could not state a claim"—*i.e.*, if amendment would be futile.  *Id.* at 1133.  "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed."  *Id.* (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

The district court found that further amendment would be futile because the plaintiffs' motion for leave to amend failed to

---

[9] For the reasons discussed below, the documents that the plaintiffs attached to their response to Lifeline's motion to dismiss would not change our conclusion.

allege facts showing that a Lifeline policy or custom led to the alleged Fourth Amendment violation. We agree.

The plaintiffs' motion for leave to amend stated that the plaintiffs would (1) remove from the complaint the defendants already dismissed from the case and (2) plead facts to show that "Lifeline was delegated police power granted by Fulton County . . . to enforce the County's animal control ordinance." In particular, the plaintiffs quoted language from the purported contract between Fulton County and Lifeline that stated that Lifeline would enforce Fulton County's animal control ordinances. The plaintiffs then argued that the contract showed that Lifeline was a state actor by virtue of exercising powers "delegated" to it by Fulton County.

Though the proposed additional allegations may have helped the plaintiffs' state-action arguments, they would not affect the conclusion that the plaintiffs failed to plead that a Lifeline policy or custom was the "moving force" behind the alleged constitutional violation. *Chabad Chayil, Inc.*, 48 F.4th at 1229; *see also Buckner*, 116 F.3d at 452 (holding that "[t]he *Monell* rationale applies to private entities acting in the place of [counties]"). In other words, as the district court held, "even if [the plaintiffs] could sufficiently allege that Lifeline is a state actor, their proposed amendment would still be futile" because adequate allegations of *Monell* liability would still be lacking. And because further amendment would be futile, the district court properly denied leave to amend. *Silberman*, 927 F.3d at 1133.

## IV.    Conclusion

For these reasons, we affirm both the district court's dismissal of the complaint and its denial of leave to amend.

**AFFIRMED.**